JEFFREY E. TSAI (SBN 226081)
 *jeff.tsai@us.dlapiper.com*
JAMES S. DAVIDSON (SBN 347622)
 *jamie.davidson@us.dlapiper.com*
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500  |  Fax: 415.836.2501

*Attorneys for Defendant*
*DIAMOND FOUNDRY INC.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>                       Plaintiffs,<br><br>    v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>                    Defendant. | Case No.  3:24-cv-03836-TLT<br><br>**DEFENDANT DIAMOND FOUNDRY INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**<br><br>**AND**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Fed. R. Civ. P. 12(b)(6)**<br><br>Date:         October 22, 2024<br>Time:        2:00 p.m.<br>Courtroom: Courtroom 9<br>Judge:      The Hon. Trina L. Thompson |

PLEASE TAKE NOTICE THAT on October 22, 2024, at 2:00 p.m., or as soon thereafter as the matter may be heard, at the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Trina L. Thompson, Defendant Diamond Foundry Inc. ("Foundry") will, and hereby does, move this Court for an order dismissing Plaintiffs E.Y. Orot Assets Ltd. and Omega Eco Diamonds Ltd.'s ("Plaintiffs") complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Foundry moves to dismiss the complaint under Rule 12(b)(6) because Plaintiffs fail to plead a plausible claim against Foundry under California law that enforcement (or domestication) of a 2022 foreign default judgment obtained in the State of Israel – despite a 2020 contractual agreement that first requires mediation before any lawsuit – is proper. Through the Israeli court proceedings, Plaintiffs secured a default judgment (on the *same day* they sought it from the Israeli court) in the amount of approximately $5 million, which Plaintiffs now seek to domesticate in this Court. However, under California's Uniform Foreign-Country Money Judgments Recognition Act, courts shall not recognize a foreign judgment if – as applicable here – the foreign proceeding was contrary to an agreement between the parties to resolve disputes in a particular manner, the foreign judgment is "repugnant" to public policy, there is "substantial doubt about the integrity" of the foreign judgment, or requirements of due process were disregarded. *See* Cal. Civ. Proc. Code § 1716(c)(1)(D), (C), (F) & (G) (2023). The *only* exception is if Plaintiffs can demonstrate "good reason" to recognize the offending foreign judgment that "outweighs" the non-recognition grounds. *See* Cal. Civ. Proc. Code § 1716(c)(2).

Here, as a matter of law, the complaint – as pleaded – is facially insufficient under California's Uniform Foreign-Country Money Judgments Recognition Act to withstand dismissal under Rule 12(b)(6) on the following grounds:

First, pursuant to Section 1716(c)(1)(D), Plaintiffs' complaint concedes that the parties had a contractual agreement by which mediation between the parties was "require[d] . . . prior to commencing litigation." Dkt. No. 1 (Complaint) at ¶ 6 (hereinafter "Compl."). However, the complaint fatally omits any allegation that the required mediation, in fact, occurred prior to their

1

filing suit in Israeli court. (It did not.) Instead, Plaintiffs attempt to plead around this problem by alleging, instead, that their foreign lawsuit "follow[ed] . . . *requests* for mediation[.]" Compl. ¶ 7 (emphasis added). Courts have routinely denied recognition of foreign judgments (including at the dismissal stage) where the underlying lawsuits violated parties' agreements – including in the Northern District of California. *See Montebueno Marketing, Inc. v. Del Monte Foods Corp.-USA*, 2012 WL 986607, at *4-5 (N.D. Cal. March 22, 2012) (granting motion to dismiss complaint seeking recognition of Philippine judgment issued in proceedings that contravened the parties' agreement to arbitrate the dispute). The complaint here must be dismissed because – on its face – Plaintiffs have not pleaded (and *cannot* plead) that they satisfied their contractual obligation to mediate prior to filing suit (in Israel or elsewhere).

Second, pursuant to Section 1716(c)(1)(C), (F) and (G), the complaint conclusively establishes that the Israeli default judgment is "repugnant" to public policy, there are "substantial doubt[s] about the integrity" of the judgment, and due process was disregarded. In addition to issuing the default judgment despite a contractual pre-lawsuit mediation agreement, the Israeli court refused to consider Foundry's response to the Israeli complaint on the basis that the response was written in English. Furthermore, the Israeli default judgment – issued the same day it was sought – has substantial doubts as to its integrity due to the Israeli court's deference to Plaintiffs' politically-connected counsel.

Third, pursuant to Section 1716(c)(2), there is no statutory "demonstrate[d] good reason to recognize the judgment that outweighs the ground[s] for nonrecognition[.]" As a foundational matter, mediation requirements are enforceable under California law. *See, e.g.*, *B&O Mfg., Inc. v. Home Depot U.S.A., Inc.*, 2007 WL 3232276, at *21 (N.D. Cal. Nov. 1, 2007). The complaint here fails to allege a single fact representing a reason to recognize the foreign default judgment – much less a "good reason" – that outweighs Plaintiffs' pre-filing mediation obligation. Moreover, as a matter of sound public policy and integrity, Plaintiffs have provided no reason to justify the foreign court's failure to enforce a mediation obligation, wholesale refusal to consider the English-written response of an American party in the foreign proceeding, and its

questionable same-day granting of a default judgment totaling more than $5 million. The pleading failures are fatal to the complaint, and they cannot be ameliorated with extrinsic evidence or argumentation outside of the complaint in opposition to a dismissal motion. *See, e.g.*, *Melrose Place Holdings v. Socotra Opportunity Fund, LLC*, 2022 WL 3013226, at *14 (C.D. Cal. May 31, 2022).

Thus, this Court should **DISMISS** the Complaint in its entirety **WITH PREJUDICE**.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and records on file in this action, and such other written and oral arguments as may be presented to this Court at a hearing on this matter.

Dated:  August 29, 2024                                         Respectfully submitted,

DLA PIPER LLP (US)


By: */s/ JEFFREY E. TSAI*
   JEFFREY E. TSAI
   JAMES S. DAVIDSON
   *Attorneys for Defendant*
   *DIAMOND FOUNDRY INC.*

DEFENDANT DIAMOND FOUNDRY INC.'S NOTICE OF MOTION AND MOTION TO DISMISS
AND MEMORANDUM OF POINTS AND AUTHORITIES
CASE 3:24-CV-03836-TLT

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION .................................................................................................. 1

II.   STATEMENT OF FACTS ..................................................................................... 2

III.  ISSUE TO BE DECIDED (CIV. L.R. 7-4(A)(3)) ............................................. 4

IV.  LEGAL STANDARD ........................................................................................... 5

V.   ARGUMENT ........................................................................................................ 5

     A.    The Final Israeli Default Judgment Violates the Parties' Pre-Lawsuit Mediation Requirement .......................................................... 6

     B.    The Final Israeli Default Judgment Violates Section 1716's Fundamental Fairness Requirements ........................................................ 8

     C.    The Complaint Fails to Plead a Statutory "Good Reason" That "Outweighs" Non-Recognition ............................................................. 10

VI.  CONCLUSION .................................................................................................... 12

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aldini AG v. Silvaco, Inc.*,
  2022 WL 20016826 (N.D. Cal. Aug. 3, 2022)........................................................5

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................5

*B&O Mfg., Inc. v. Home Depot U.S.A., Inc.*,
  2007 WL 3232276 (N.D. Cal. Nov. 1, 2007)......................................................8, 10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................5

*Bellingham Marine Indus., Inc. v. Del Rey Fuel, LLC*,
  2012 WL 12941958 (C.D. Cal. Oct. 19, 2012) ......................................................10

*Boquist v. Courtney*,
  32 F.4th 764 (9th Cir. 2022) ....................................................................................6

*Brinson v. Garland*,
  2023 WL 4409103 (N.D. Cal. July 7, 2023) ...........................................................5

*Grundig Multimedia AG v. Etón Corp.*,
  2021 WL 411237 (N.D. Cal. Feb. 5, 2021)..............................................................6

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*,
  896 F.2d 1542 (9th Cir. 1989) .................................................................................5

*Melrose Place Holdings v. Socotra Opportunity Fund, LLC*,
  2022 WL 3013226 (C.D. Cal. May 31, 2022)........................................................12

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
  521 F.3d 1097 (9th Cir. 2008)..................................................................................5

*Montebueno Marketing, Inc. v. Del Monte Foods Corp.-USA*,
  2012 WL 986607 (N.D. Cal. Mar. 22, 2012) .......................................................7, 8

*Mulugeta v. Ademachew*,
  407 F. Supp. 3d 569 (E.D. Va. 2019).................................................................9, 10

*Naoko Ohno v. Yuko Yasuma*,
  723 F.3d 984 (9th Cir. 2013)....................................................................................9

ii

*Regents of Univ. of California v. LTI Flexible Prod., Inc.*,
   2022 WL 6768202 (N.D. Cal. Oct. 11, 2022) ................................................................6

*Today's Fresh Start, Inc. v. Los Angeles Cnty. Off. of Educ.*,
   57 Cal. 4th 197 (2013) ..................................................................................................9

*Tyco Valves & Controls Distribution GmbH v. Tippins, Inc.*,
   2006 WL 2924814 (W.D. Pa. Oct. 10, 2006) ...............................................................7

*In re Yahoo Mail Litig.*,
   7 F. Supp. 3d 1016 (N.D. Cal. 2014) ............................................................................5

**Statutes**

Cal. Code Civ. Proc. § 1713 ...............................................................................................4

Cal. Code Civ. Proc. § 1716 .........................................................................................7, 10

Cal. Code Civ. Proc. § 1716(b) ..........................................................................................5

Cal. Code Civ. Proc. § 1716(c)(1) ...................................................................................5, 6

Cal. Code Civ. Proc. § 1716(c)(1)(C) ..............................................................................6, 8

Cal. Code Civ. Proc. § 1716(c)(1)(D) ......................................................................5, 6, 7, 10

Cal. Code Civ. Proc. § 1716(c)(1)(F) .....................................................................6, 8, 9, 10

Cal. Code Civ. Proc § 1716(c)(1)(G) ..................................................................................9

Cal. Code Civ. Proc. § 1716(c)(2) .................................................................6, 7, 10, 11

Cal. Code Civ. Proc. § 1716(c)(5) .......................................................................................7

Cal. Code Civ. Proc. § 1716(d) ...........................................................................................5

Cal. Code Civ. Proc. § 1716(e) ...........................................................................................6

Cal. Code Civ. Proc. § 1716(f) ...........................................................................................5

**Other Authorities**

Fed. R. Civ. P. § 12(b)(6) .............................................................................................1, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

After obtaining a same-day foreign default judgment in the State of Israel against a company that is based in California and under a contract governed by California law, Plaintiffs *now* seek the forum of a California federal court – a judicial end-run that is both cynical in its tactics and, more critically, unlawful in its application.

Plaintiffs' complaint is based on California's Uniform Foreign-Country Money Judgments Recognition Act, but enforcement here is expressly prohibited by law because the foreign action was initiated in violation of the parties' contractual pre-lawsuit mediation requirement. Further, the pleadings clearly establish that the Israeli default judgment is repugnant to California public policy and rendered in proceedings lacking due process and of substantially doubtful integrity. As a result, California law does not recognize the validity of the Israeli default judgment, which renders this federal lawsuit null and void. The Court should dismiss the complaint.

Defendant Diamond Foundry Inc. ("Foundry") is a California diamond producer that entered into a contract with Plaintiff E.Y. Orot Assets Ltd. ("Orot"), an Israeli diamond vendor, in October 2020 to sell to Orot certain quantities of diamonds of agreed-upon quality. By the complaint's own admission, the contract is governed by California law and specifically requires mediation prior to the initiation of any lawsuit. In March 2022, Plaintiff Omega Eco Diamonds Ltd. ("Omega," and, together with Orot, "Plaintiffs") filed a contract-breach suit against Foundry in the State of Israel – despite California as the governing law and Foundry's location in California. After filing suit in the unrelated jurisdiction, it is without much surprise then that Plaintiffs obtained a same-day default judgment against Foundry in an amount exceeding $5 million. Importantly, however, Plaintiffs initiated their suit <u>before</u> mediation occurred – a plain violation of the parties' contract.

Under Federal Rule of Civil Procedure 12(b)(6), Plaintiffs' complaint has failed to plead a plausible claim against Foundry that enforcement (or domestication) of the Israeli default judgment is proper under California law. Under the Uniform Foreign-Country Money

1

Judgments Recognition Act, courts shall not – absent a *demonstrated outweighing good reason* – recognize a foreign judgment if the foreign proceeding was contrary to an agreement between the parties to resolve disputes in a particular manner or otherwise violates public policy, has substantial doubt as to its integrity, or lacks due process. Here, Plaintiffs' complaint admits that they were required to mediate prior to initiating litigation. Nevertheless, Plaintiffs filed suit in Israeli court without any mediation occurring. Plaintiffs fail to plead any reason – much less a "good reason" – for recognition of the Israeli default judgment that demonstrably outweighs Plaintiffs' admitted failure to mediate prior to filing suit. Similarly, Plaintiffs fail to plead any reason for the Court to outweigh what the complaint clearly establishes – that the Israeli default judgment's circumstances violate public policy, were rendered without proper due process, and otherwise have substantial doubt about the integrity of the Israeli proceedings.

This Court should dismiss Plaintiffs' complaint for recognition of the Israeli default judgment for failing to state a claim upon which relief can ever be granted.

## II.    STATEMENT OF FACTS

Foundry is an innovative diamond producer incorporated in the state of Delaware with its principal place of business in South San Francisco, California. *See* Compl. ¶ 3. Foundry uses technology to grow laboratory diamonds with similar properties to diamonds mined from the ground. *Id.* Ex. 1 at ¶ 3. As part of its business, Foundry enters into "Foundry-As-A-Service" contracts with buyers pursuant to which Foundry agrees to ship an agreed-upon quantity of diamonds of an agreed-upon quality to the buyer for payment. *Id.* at ¶ 6.

In October 2020, Foundry entered into a "Foundry-As-A-Service" agreement (the "Agreement") with Plaintiff Orot. *Id*. Orot and its business partner entity, Plaintiff Omega, are companies organized under the laws of the State of Israel with their principal places of business in the City of Tel Aviv, Israel. *Id*. at ¶¶ 1-2. Plaintiffs "engage[] in the import of raw laboratory diamonds" as well as "their processing and sale in Israel and around the world." *Id.* Ex. 1 at ¶¶ 1-2. Under the Agreement, Orot committed to purchase from Foundry "certain agreed-upon quantities of laboratory-manufactured diamonds satisfying certain agreed-upon quality criteria, for shipment to and sale in the State of Israel." Compl. at ¶ 6. The Agreement "provide[s] for

2

governing law pursuant to the laws of California." *Id*. The Agreement also ***requires mediation prior to the filing of any lawsuit*** over a dispute related to the Agreement. *Id*. (conceding that the Agreement "also included a provision, in case of a dispute, requiring mediation prior to commencement of litigation").

After Foundry began performing on the Agreement by shipping as-grown diamond crystals to Plaintiffs, Plaintiffs complained that the diamonds did not meet the agreed-upon quality criteria. The complaint does not plead any allegations that Plaintiffs used data measured directly on Foundry's product – in fact, Plaintiffs materially modified Foundry's crystals applying techniques not controlled by Foundry and for which Plaintiffs lack a license. *See id*. Ex. 1 at ¶¶ 41-43, 45, 68-70. From December 2020 to July 2021, the parties communicated regarding Plaintiffs' concerns. *Id*. Ex. 1 at ¶¶ 15-17, 21-24, 90-94, 143, 146-148. However, in March 2022, Plaintiffs suddenly filed suit against Foundry – but not in any jurisdiction of California law nor anywhere remotely close to Foundry's place of business in California. Instead, Plaintiffs sued almost 7,400 miles away in the State of Israel's District Court of Tel Aviv ("Israeli District Court") alleging "breach of contract, breach of warranty, and false promise under California law," and seeking "monetary damages in the amount of 15,000,000 New Israeli Shekels, commonly abbreviated as 'NIS' (equivalent to approximately US $4.65 million at then-prevailing exchange rates)." *See id*. at ¶¶ 7-8. Plaintiffs' complaint makes no allegation that, pursuant to the parties' Agreement, a mediation occurred (or was even initiated with the mediation service) prior to the lawsuit.

Just five months later in or around August 14, 2022, Plaintiffs moved the Israeli District Court to enter default judgment in favor of Plaintiffs and against Foundry by claiming that "Foundry had failed to file a statement of defense or answer, an objection, or a request for extension of time with the Israeli District Court within the time period under applicable Israeli procedural law." *Id*. at ¶ 12. The Israeli District Court granted the motion *the same day it was filed* and entered a default judgment against Foundry (the "Israeli Default Judgment") in the amount of NIS 15,287,500, plus interest from the date of the judgment. *Id*. at ¶ 13. Despite Foundry informing Plaintiffs and the Israeli District Court that Foundry had, in fact, sent the

3

Court a timely response to the Israeli Complaint, Plaintiffs and their Israel counsel opposed Foundry's motion to set aside the Israeli Default Judgment. *Id*. at ¶¶ 15, 20.

In January 2024, the Israeli District Court determined that it would only set aside the Israeli Default Judgment on the condition that Foundry deposit with it "NIS 3,000,000 (approximately US $810,000 at then-current exchange rates)." *Id*. at ¶ 30. Foundry appealed this decision to the appellate division of the Israeli District Court (the "Israeli Appellate Court"). *Id*. at ¶ 31. In March 2024, the Israeli Appellate Court denied Foundry's appeal and upheld the requirement that Foundry deposit NIS 3,000,000 to avoid the default judgment.[1] *Id*. at ¶¶ 34-35.

On June 26, 2024, Plaintiffs filed their complaint to domesticate the Final Israeli Default Judgment in this Court. *Id*. at ¶ 41. Based on the exchange rate at the time of the complaint, the Final Israeli Default Judgment equals approximately $5,109,843.94. *Id*. at ¶ 39.

## III.   ISSUE TO BE DECIDED (CIV. L.R. 7-4(A)(3))

Whether Plaintiffs' complaint has failed to plead a plausible claim against Foundry for enforcement (or domestication) of the Final Israeli Default Judgment under California's Uniform Foreign-Country Money Judgments Recognition Act (Cal. Code Civ. Proc. §§ 1713, *et seq.*) where [1] the complaint concedes that a contractually required mediation did not occur prior to the initiation of the Israel court action, [2] the pleadings establish that the Final Israeli Default Judgment is repugnant to California public policy or otherwise rendered in proceedings of substantially doubtful integrity, and [3] the complaint fails to allege any reason – much less a "good reason" – to recognize the Final Israeli Default Judgment that outweighs the contractual mediation requirement, the repugnancy to California public policy, or the proceedings of substantially doubtful integrity.

---

[1] After the March 31, 2024, deadline to deposit the funds passed, the Israeli District Court issued a summary order reflecting its final judgment (the "Final Israeli Default Judgment"). *Id*. at ¶¶ 36-37. The Final Israeli Default Judgment reaffirmed the Israeli Default Judgment and "ordered a final award to Plaintiffs from Foundry in the amount of NIS 18,794,006.00, consisting of (a) NIS 15,000,000 in damages, plus (b) NIS 3,435,656 in interest accrued since the date of judgment, plus (c) NIS 187,500 as reimbursement for the Court Filing Fee, plus (d) NIS 42,946 in interest accrued on the Court Filing Fee, plus (e) NIS 127,904 of nominal attorneys' fees and expenses." *Id*. at ¶ 38.

4

1

### IV.   LEGAL STANDARD

2        Rule 12(b)(6) requires dismissal where a complaint fails to allege "enough facts to state

3    a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

4    (2007). "Mere conclusory allegations of law and unwarranted inferences are insufficient to

5    defeat a motion to dismiss." *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014).

6    Additionally, the Court may "draw on its experience and common sense" to determine whether

7    the claim stated by the allegations is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8    Further, dismissal is appropriate "'where the complaint lacks a cognizable legal theory or

9    sufficient facts to support a cognizable legal theory.'" *Aldini AG v. Silvaco, Inc.*, 2022 WL

10   20016826, at *9 (N.D. Cal. Aug. 3, 2022) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*,

11   521 F.3d 1097, 1104 (9th Cir. 2008)). While a court generally only considers "the face of the

12   complaint in deciding a motion to dismiss," material which is "'properly submitted as part of

13   the complaint may be considered.'" *Brinson v. Garland*, 2023 WL 4409103, at *6 (N.D. Cal.

14   July 7, 2023) (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555

15   n.19 (9th Cir. 1989)).

### V.   ARGUMENT

17       Plaintiffs fail to state a claim because the complaint does not allege – either in a

18   conclusory fashion *or* with particularity – that Plaintiffs satisfied their contractual obligation to

19   mediate *prior to* the initiation of the Israeli lawsuit. Indeed, their allegations confirm that their

20   court action in Israel was directly contrary to their agreement to mediate prior to initiating

21   litigation. Thus, the default judgment cannot be enforced under California law, and this Court

22   should dismiss the instant action.

23       Under California law, the Legislature carefully outlined numerous circumstances under

24   which foreign-country judgments shall not be recognized. *See* Cal. Code Civ. Proc. § 1716(b),

25   (c)(1), (d), & (f). The circumstances include, in relevant part, those in which "[t]he proceeding

26   in the foreign court was contrary to an agreement between the parties under which the dispute in

27   question was to be determined otherwise than by proceedings in that foreign court" (Cal. Code

28   Civ. Proc. § 1716(c)(1)(D)), or the judgment is "repugnant to the public policy of this state or of

5

---

the United States" (Cal. Code Civ. Proc. § 1716(c)(1)(C)), or the judgment's circumstances "raise substantial doubt about the integrity of the rendering court with respect to the judgment" (Cal. Code Civ. Proc. § 1716(c)(1)(F)). The only exception to these robust statutory provisions is a "demonstrate[d] good reason to recognize the judgment that outweighs the ground for nonrecognition[.]" Cal. Code Civ. Proc. § 1716(c)(2). Although the party resisting recognition of the foreign judgment bears "the burden of establishing that a ground for nonrecognition . . . exists" (Cal. Code Civ. Proc. § 1716(e)), dismissal is appropriate where the ground for nonrecognition "clearly appears on the face of the pleading." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (discussing affirmative defenses at dismissal stage); *see also Regents of Univ. of California v. LTI Flexible Prod.*, *Inc.*, 2022 WL 6768202, at *16 (N.D. Cal. Oct. 11, 2022) ("[T]he complaint may be dismissed if the affirmative defense precludes relief based solely on the allegations in the complaint.").

In this case, the complaint must be dismissed as a matter of law because California's Uniform Foreign-Country Money Judgments Recognition Act (Cal. Code Civ. Proc. § 1716(c)(1) & (c)(2)) expressly prohibits relief based on the alleged facts.

### A.       The Final Israeli Default Judgment Violates the Parties' Pre-Lawsuit Mediation Requirement

The Israeli court action – and the resulting Final Israeli Default Judgment – as alleged in the complaint violates the parties' pre-lawsuit mediation requirement pursuant to Section 1716(c)(1)(D). That section's proscription against recognition where a party violates a dispute-resolution agreement triggers when the agreement provides for a dispute resolution procedure other than the foreign proceedings and the parties do not follow that procedure. *See, e.g.*, *Grundig Multimedia AG v. Etón Corp.*, 2021 WL 411237, at *13 (N.D. Cal. Feb. 5, 2021) (ruling that Section 1716(c)(1)(D) applies where "the parties contractually agreed to resolve disputes in one particular manner, but a foreign court adjudicated the dispute instead"); *see also* Cal. Code Civ. Proc. § 1716(c)(1)(D) ("A court of this state shall not recognize a foreign-country judgment if . . . [t]he proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by

6

proceedings in that foreign court.").

Courts across the country interpreting similar state foreign-judgment enforcement statutes have routinely denied recognition of foreign judgments where the foreign proceedings breached the parties' agreement to resolve disputes in a particular manner. *See, e.g.*, *Tyco Valves & Controls Distribution GmbH v. Tippins, Inc.*, 2006 WL 2924814, at \*14 (W.D. Pa. Oct. 10, 2006) (declining under Pennsylvania law to "enforce the German judgment because the parties agreed to resolve all disputes through arbitration"). In relevant part, the Northern District of California has also recognized – specifically in the context of Section 1716(c)(1)(D) – that a court may "refuse to recognize the foreign judgment" where the foreign proceedings were "contrary to an agreement between the parties" and the party seeking recognition "has not provided the Court with any reason why it should not exercise its discretion." *Montebueno Marketing, Inc. v. Del Monte Foods Corp.-USA*, 2012 WL 986607, at \*4-5 (N.D. Cal. Mar. 22, 2012) (granting dismissal of Philippine judgment complaint issued in proceedings that contravened the parties' agreement to arbitrate the dispute).

The Northern District's *Montebueno* decision is particularly persuasive authority and should guide the result in this case.[2] In that case, the plaintiff filed suit in the Philippines despite the parties' agreement to arbitrate their dispute in the United States. *See* 2012 WL 986607, at \*1. After securing a judgment from a Philippine court, the plaintiff brought suit in the Northern District of California to enforce the Philippine judgment under California law. *Id*. The court granted the defendant's motion to dismiss because the proceedings in the Philippines were "contrary to an agreement between the parties to arbitrate here." *Id*. at \*4. Further, the plaintiff

---

[2] The *Montebueno* decision was issued prior to the 2017 amendment to California Code of Civil Procedure Section 1716. Prior to the 2017 amendment, the "contrary to an agreement between the parties" ground for nonrecognition that can now be found under Section 1716(c)(1)(D) appeared under Section 1716(c)(5). The 2017 Amendment also limited courts' ability to recognize foreign judgments despite the application of certain grounds for nonrecognition, including Section 1716(c)(1)(D), by substituting "shall not" for "is not required to" in the introductory language of (c)(1). Consequently, the application of Section 1716(c)(1)(D) bars recognition of foreign judgments unless the "the party seeking recognition of the judgment demonstrates good reason to recognize the judgment that outweighs the ground for nonrecognition." Cal. Code Civ. Proc. § 1716(c)(2).

did not provide this Court with any reason why this Court should not exercise its discretion to dismiss the case. *Id*. at \*5.

Here, Plaintiffs admit that the Agreement contains "a provision, in case of a dispute, requiring mediation ***prior to commencement of litigation***." Compl. ¶ 6 (emphasis added). But the complaint intentionally omits any allegation that the required mediation, in fact, occurred prior to their filing suit in Israeli court. Plaintiffs instead allege – insufficiently – that they filed suit against Foundry in Israeli District Court in March 2022 "following lengthy attempts at resolving their differences through friendly discussions, requests for mediation, and eventually through attorney letters." Compl. ¶ 7. Plaintiffs do *not* allege that mediation occurred prior to commencement or that Foundry declined the mediation requests or even that Plaintiffs at least initiated mediation proceedings. Just as the *Montebueno* foreign-judgment enforcement suit was dismissed in light of the parties' contractual arbitration requirement, the complaint here must be dismissed because – on its face – Plaintiffs have not pleaded (and *cannot* plead) that they satisfied their contractual obligation to mediate prior to filing suit (in Israel or elsewhere).

### B.    The Final Israeli Default Judgment Violates Section 1716's Fundamental Fairness Requirements

Plaintiffs fail to state a claim because their pleadings conclusively establish that the Final Israeli Default Judgment violates the statutory fundamental fairness provisions under Section 1716(c)(1)(C) & (F). Specifically, the Final Israeli Default Judgment is both "repugnant to the public policy of this state or of the United States" (Cal. Code Civ. Proc. § 1716(c)(1)(C)) and "rendered in circumstances that raise substantial doubt about the integrity of the rendering court with respect to the judgment" (Cal. Code Civ. Proc. § 1716(c)(1)(F)).

<u>First</u>, as pleaded in the complaint, the Final Israeli Default Judgment violates public policy pursuant to Section 1716(c)(1)(C) because of the foreign court's failure to enforce the pre-lawsuit contractual mediation requirement. In California, there is a strong public policy preference for mediation. *See, e.g.*, *B&O Mfg., Inc. v. Home Depot U.S.A., Inc.*, 2007 WL 3232276, at \*21 (N.D. Cal. Nov. 1, 2007) (upholding mediation requirement as a condition precedent to the parties' right to sue). In this case, the Israeli District Court allowed Plaintiffs to

8

bring and secure a default judgment in Israel despite the parties having agreed to California governing law and to mediate prior to litigation. *See* Compl. ¶ 6. The Israeli District Court's failure to enforce the pre-lawsuit mediation requirement is squarely at odds with the position a California court would take when presented with the same facts. Thus, the Final Israeli Default Judgment, issued despite the mediation requirement, is repugnant to California public policy.

Second, on the face of the complaint itself, there are due process concerns (pursuant to Section 1716(c)(1)(G)) and substantial doubts about the integrity of the foreign court's process (pursuant to Section 1716(c)(1)(F)) leading to the default judgment. California has a compelling interest in protecting due process. *See, e.g.*, *Today's Fresh Start, Inc. v. Los Angeles Cnty. Off. of Educ.*, 57 Cal. 4th 197, 212 (2013) (ruling that "[b]oth the federal and [California] Constitutions compel the government to afford persons due process before depriving them of any property interest"). Courts routinely refuse to recognize "judgments presenting a direct and definite conflict with fundamental American constitutional principles." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1004 (9th Cir. 2013). And where foreign judgments have been rendered in circumstances that raise substantial doubt about the integrity of the rendering court or its process, courts have not hesitated to refuse recognition. *See, e.g.*, *Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 584 (E.D. Va. 2019) (denying recognition of Ethiopian judgment under Virginia's Uniform Foreign-Country Money Judgments Recognition Act (which has grounds for nonrecognition comparable to California) where "the speed at which [the party seeking recognition] was able to obtain judgments in his favor . . . strongly indicates that [the party seeking recognition]'s status influenced the Ethiopian judges").

As an initial matter, here, the Israeli District Court entered the Israeli Default Judgment totaling over $5 million on the very *same day* as Plaintiffs moved for such short-circuited relief (August 14, 2022) – and all of this despite Foundry having responded to the complaint in June 2022. *See* Compl. ¶¶ 13, 15. Additionally, the Israeli court refused to consider Foundry's timely response to the Israeli complaint on the basis that the response was written in English. In reviewing Foundry's motion to set aside the Israeli Default Judgment, the Israeli District Court complained that the "defense letter . . . was prepared not in accordance with the provisions of

9

the regulations and was written in the English language" and stated that the letter "can be seen

as a certain disdain for the procedure." *Id.* Ex. 3 at ¶ 12. Importantly, the complaint does *not*

allege that the Israeli District Court ever provided notice to Foundry that its English-written

letter would be rejected. All of these circumstances, as pleaded in the complaint, are sufficient

under Section 1716 to refuse recognition of the foreign judgment.[3]

### C.   The Complaint Fails to Plead a Statutory "Good Reason" That "Outweighs" Non-Recognition

There is no "good reason" under Section 1716(c)(2) that Plaintiffs have pleaded (or can

plead) demonstrating that recognition of the Final Israeli Default Judgment "outweighs" the

multiple grounds for non-recognition.

<u>First</u>, as to the central non-recognition ground under Section 1716(c)(1)(D) related to the

contractual pre-lawsuit mediation requirement, the starting point is that mediation requirements

are enforceable under California law. *See, e.g.*, *B&O Mfg., Inc.*, 2007 WL 3232276, at *21

(holding that "[a] claim that is filed before a mediation requirement, that is a condition

precedent to the parties' right to sue as set forth in an agreement, is satisfied shall be

dismissed"). A violating party seeking to bypass a mediation requirement has the burden of

showing that the complying party's actions should preclude enforcement of the mediation

requirement. *See, e.g.*, *Bellingham Marine Indus., Inc. v. Del Rey Fuel, LLC*, 2012 WL

12941958, at *20 (C.D. Cal. Oct. 19, 2012) (declining to "find that defendants are estopped

from asserting their right to mediate before litigation is filed" where plaintiff "has not

adequately demonstrated that [defendants] are 'claiming the benefits of a contract while

simultaneously attempting to avoid the burdens that contract imposes'").

---

[3] Plaintiffs' Israeli counsel also represented to Foundry that their ties to Israel's Prime Minister would ensure that the Israeli District Court would rule promptly in Plaintiffs' favor – and, in fact, the court did that very thing by issuing a same-day default judgment. These markers of undue political influence are the very kind of substantial doubts that call into question the integrity of a rendering court. *See, e.g.*, *Mulugeta*, 407 F. Supp. 3d at 584. This is an independent basis, under Section 1716(c)(1)(F), to refuse recognition of the Final Israeli Default Judgment in this case as a matter of law.

In this case, Section 1716(c)(2)'s "good reason" exception cannot save Plaintiffs' complaint from dismissal because the complaint does not even attempt to plead that there is *any* reason to suspend the Agreement's pre-lawsuit mediation requirement. Nor is there any allegation that Foundry's actions otherwise justify dispensing with the parties' contractual provision. Indeed, if anything, the complaint's allegations *underscore* the lack of any "good reason" – that is, the complaint describes the parties having "friendly discussions" about the diamond dispute and that Plaintiffs wrote "attorney letters" and made supposed "*requests* for mediation." Compl. ¶ 7 (emphasis added). But there is no allegation that Plaintiffs accomplished a mediation proceeding (or, much less, even *initiated* one with a mediator or service) in compliance with the "provision, in case of a dispute, requiring mediation ***prior to commencement of litigation***." Compl. ¶ 6 (emphasis added). Furthermore, the complaint lacks a single allegation that any reason – much less a "good reason" per California law – explains why Plaintiffs could not otherwise satisfy this contractual requirement.[4]

Second, the complaint does not plead any "good reason" for this Court to enforce the Final Israeli Default Judgment despite the public policy and due process concerns related to the manner in which the default judgment was obtained – namely, the Israeli court's failure to consider Foundry's response and the same-day issuance of a judgment exceeding $5 million. The complaint acknowledges these various failures, but it otherwise fails to allege any justification – pursuant to Section 1716(c)(2) – that could outweigh California law's requirements for due process and judicial processes with integrity.

Third, the pleading failures here are not mere oversights – they are intentional pleading omissions that are fatal to the complaint at this stage. And Plaintiffs cannot attempt to ameliorate their intentional errors with extrinsic evidence or argumentation outside of the

---

[4] Plaintiffs' own allegation that they made "requests for mediation" (Compl. ¶ 7) actually serves to *undermine* any potential "good reason" for their violation of the contractual provision. If Plaintiffs were capable of making "requests for mediation" as alleged, then there is no good reason Plaintiffs could not have initiated and proceeded with mediation prior to filing suit in Israel.

complaint in opposition to a dismissal motion. *See, e.g.*, *Melrose Place Holdings v. Socotra Opportunity Fund, LLC*, 2022 WL 3013226, at *14 (C.D. Cal. May 31, 2022) ("Introducing extrinsic evidence in Opposition to a motion to dismiss is improper."). In the absence of any pleaded "good reason" for the various grounds of non-recognition, California law does not permit enforcement of the Final Israeli Default Judgment under these circumstances.

## VI.   CONCLUSION

On their face, Plaintiffs' complaint allegations do not plausibly plead a cognizable claim under California's Uniform Foreign-Country Money Judgments Recognition Act. The allegations – as well as Plaintiffs' intentional pleading omissions – are fatal because artful pleading cannot overcome the absence of facts.

Thus, this Court should **DISMISS** the Complaint in its entirety **WITH PREJUDICE**.

Dated:  August 29, 2024

Respectfully submitted,

DLA PIPER LLP (US)

By:  */s/ JEFFREY E. TSAI*
JEFFREY E. TSAI
JAMES S. DAVIDSON
*Attorneys for Defendant*
*DIAMOND FOUNDRY INC.*