Todd Pickles (SBN CA 215629)
Henry A. Stroud (SBN CA 342479)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com
henry.stroud@gtlaw.com

Attorneys for Plaintiffs
E.Y. OROT ASSETS LTD., and OMEGA ECO DIAMONDS LTD.

Jeffrey E. Tsai (SBN CA 226081)
James S. Davidson (SBN CA 347622)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105
Telephone: 415.836.2500
Facsimile: 415.836.2501
jeff.tsai@us.dlapiper.com
jamie.davidson@us.dlapiper.com

Attorneys for Defendant
DIAMOND FOUNDRY INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>Defendants. | CASE NO. 3:24-cv-03836-TLT<br><br>Assigned to the Honorable Trina L. Thompson<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER**<br><br>Action Filed: June 26, 2024 |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

**1.      Jurisdiction & Service**

The Parties agree to service by email in this case. There are no disputes regarding jurisdiction, and no parties remain to be served.

Plaintiffs:

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because Plaintiffs E.Y Orot Assets Ltd. ("Orot") and Omega Eco Diamonds Ltd. ("Omega") are each a citizen of a foreign state and Defendant Diamond Foundry Inc. ("Foundry") is a citizen of the State of California, and because the amount in controversy exceeds $75,000. This Court has personal jurisdiction over Foundry pursuant to 28 U.S.C. § 1391 because Foundry, the sole defendant, resides in this judicial district.

This Court's jurisdiction is not in dispute, and all parties have been served.

Defendant:

Foundry agrees that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Foundry has not raised any issues regarding personal jurisdiction or venue. No parties remain to be served.

**2.      Facts**

Plaintiffs:

This is a Complaint for domestication of a foreign judgment pursuant to the California Uniform Foreign-Country Money Judgments Recognition Act ("Recognition Act").

On or about March 27, 2022, Plaintiffs filed a statement of claims, the procedural equivalent to a complaint (the "Israeli Complaint"), in the District Court of Tel Aviv of the State of Israel ("Israeli District Court") alleging that Foundry breached a Foundry-As-A-Service agreement ("Agreement") entered into between Foundry and Orot on October 14, 2020.

On or about August 14, 2022, months after Plaintiffs served the Israeli Complaint on Foundry, Plaintiffs moved the Israeli District Court to enter default judgment in favor of Plaintiffs after Foundry failed to answer, object, request an extension of time, or otherwise respond to the Israeli Complaint within the time period specified under applicable Israeli procedural law. The Israeli District Court entered default

judgment for Plaintiffs and against Foundry ("Default Judgment") in the amount of 15,287,500.00 New Israeli Shekels ("NIS") plus interest from the date of judgment.  On or about September 2, 2022, Plaintiff served the Default Judgment on Foundry.

On or about September 3, 2022, Foundry faxed to the Israeli District Court a letter from Foundry's Head of Finance, claiming that Foundry had attempted to send a response to the Israeli Complaint to the Israeli District Court in June 2022.  Shortly thereafter, Foundry retained well-respected Israeli Counsel and filed a motion to set aside the Default Judgment.

On or about December 8, 2022, the parties jointly requested that the Israeli District Court stay proceedings so that the parties could mediate the dispute through the JAMS mediation institute.  On May 3, 2023, the parties engaged in a formal mediation in San Francisco in front of the Hon. Robert Dondero; the parties were unable to resolve the dispute.

After the mediation stay was lifted, Foundry's motion to vacate the Default Judgment was fully briefed, and the Israeli District Court held two hearings on the matter.  On January 19, 2024, the Israeli District Court issued an Order (the "Default Judgment Order") finding that Foundry's purported answer was procedurally and substantively defective, but allowing the Default Judgment to be vacated provided Foundry issued a bond for 3,000,000 NIS for deposit with the Israeli District Court within thirty days.  On February 15, 2024, Foundry appealed the Default Judgment Order; the appellate division of the Israeli District Court denied that appeal, and extended Foundry's deadline to comply with the terms of the Default Judgment Order.  Foundry did not comply with the terms of the Default Judgment Order.  Accordingly, on or about April 10, 2024, the Israeli District Court issued a final judgment (the "Final Judgment") in Plaintiffs' favor.

Plaintiffs seek to domesticate the Final Judgment by this Complaint.

Defendant:

Foundry is a diamond producer incorporated in the state of Delaware with its principal place of business in South San Francisco, California. As part of its business, Foundry enters into "Foundry-As-A-Service" contracts with buyers pursuant to which Foundry agrees to ship an agreed-upon quantity of diamonds of an agreed-upon quality to the buyer for payment.

In October 2020, Foundry entered into a "Foundry-As-A-Service" agreement (the "Agreement") with Plaintiff Orot. Orot and its business partner entity, Plaintiff Omega, are companies organized under the laws of the State of Israel with their principal places of business in the City of Tel Aviv, Israel. Under the Agreement, Orot committed to purchase from Foundry certain agreed-upon quantities of laboratory-manufactured diamonds satisfying certain agreed-upon quality criteria, for shipment to and sale in the State of Israel. The Agreement provides for governing law pursuant to the laws of California. The Agreement also requires mediation prior to the filing of any lawsuit over a dispute related to the Agreement.

After Foundry began performing on the Agreement by shipping as-grown diamond crystals to Plaintiffs, Plaintiffs complained that the diamonds did not meet the agreed-upon quality criteria. From December 2020 to July 2021, the parties communicated regarding Plaintiffs' concerns. In March 2022, Plaintiffs filed suit against Foundry in the State of Israel's District Court of Tel Aviv ("Israeli District Court") alleging breach of contract, breach of warranty, and false promise under California law, and seeking monetary damages in the amount of 15,000,000 New Israeli Shekels, commonly abbreviated as "NIS" (equivalent to approximately US $4.65 million at then-prevailing exchange rates).

Five months later in or around August 14, 2022, Plaintiffs moved the Israeli District Court to enter default judgment in favor of Plaintiffs and against Foundry. The Israeli District Court granted the motion the same day it was filed and entered a default judgment against Foundry (the "Israeli Default Judgment") in the amount of NIS 15,287,500, plus interest from the date of the judgment. Foundry informed Plaintiffs and the Israeli District Court that Foundry had sent the Court a timely response to the Israeli Complaint and moved to set aside the Israeli Default Judgment, which Plaintiffs opposed.

In January 2024, the Israeli District Court determined that it would only set aside the Israeli Default Judgment on the condition that Foundry deposit with it NIS 3,000,000 (approximately US $810,000 at then-current exchange rates). Foundry appealed this decision to the appellate division of the Israeli District Court (the "Israeli Appellate Court"). In March 2024, the Israeli Appellate Court denied Foundry's appeal and upheld the requirement that Foundry deposit NIS 3,000,000 to avoid the default judgment. After the March 31, 2024, deadline to deposit the funds passed, the Israeli District Court issued a summary order reflecting its final judgment (the "Final Israeli Default Judgment") which reaffirmed the Israeli Default Judgment.

On June 26, 2024, Plaintiffs filed their complaint to domesticate the Final Israeli Default Judgment in this Court. Based on the exchange rate at the time of the complaint, the Final Israeli Default Judgment equals approximately $5,109,843.94.

**3.    Legal Issues**

Plaintiffs:

Plaintiffs allege a single cause of action for Domestication of a Foreign Judgment pursuant to The Recognition Act.  Cal. Civ. Proc. Code § 1713, et seq.  The Recognition Act requires that a court recognize a foreign-country judgment unless a series of exceptions, largely pertaining to a defendant's right to due process and the adequacy of the foreign court's protections and procedures, apply. *See Id.* § 1716(b)(1-3); *Id.* § 1716(c)(1)(A-G).  If the party seeking recognition of the foreign judgment establishes a basis for recognition, the party resisting recognition has the burden of establishing that a ground for nonrecognition exists.  *Id.* § 1716(e).

Here, recognition of the Final Judgment is required under the Recognition Act because Foundry, with the assistance of Israeli counsel, consistently availed itself of the procedures and protections of the Israeli District Court and the Israeli Appellate Court before the Final Judgment was entered.  The Final Judgment was the result of a fair and impartial judicial process that allowed Foundry to defend the merits of its claims despite Foundry's repeated failure to abide by the reasonable rules and procedures of that court.  Domestication of the Final Judgment is appropriate under the Recognition Act.

Defendant:

Under California law, the Legislature carefully outlined numerous circumstances under which foreign-country judgments shall not be recognized. *See* Cal. Code Civ. Proc. § 1716(b), (c)(1), (d), & (f). The circumstances include, in relevant part, those in which "[t]he proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court" (Cal. Code Civ. Proc. § 1716(c)(1)(D)), or the judgment is "repugnant to the public policy of this state or of the United States" (Cal. Code Civ. Proc. § 1716(c)(1)(C)), or the judgment's circumstances "raise substantial doubt about the integrity of the rendering court with respect to the judgment" (Cal. Code Civ. Proc. § 1716(c)(1)(F)). The only exception

to these robust statutory provisions is a "demonstrate[d] good reason to recognize the judgment that outweighs the ground for nonrecognition[.]" Cal. Code Civ. Proc. § 1716(c)(2).

Enforcement here is expressly prohibited by law because the foreign action was initiated in violation of the parties' contractual pre-lawsuit mediation requirement. Further, the pleadings clearly establish that the Israeli default judgment is repugnant to California public policy and rendered in proceedings lacking due process and of substantially doubtful integrity. As a result, California law does not recognize the validity of the Israeli default judgment, which renders this federal lawsuit null and void.

**4.  Motions**

Foundry has filed a Motion to Dismiss the Complaint, which is scheduled to be heard on October 22, 2024.  Plaintiffs filed their Opposition on September 12, 2024.  Foundry's Reply is due by September 19, 2024.

Plaintiffs:

Plaintiffs anticipate filing a Motion for Summary Judgment.

Defendant:

Depending on the outcome of the Motion to Dismiss as well as the course of discovery and case development, Foundry may file a Motion for Summary Judgment.

**5.  Amendment of Pleadings**

Plaintiffs:

Plaintiffs plan to make one minor amendment to the Complaint to correct a typographical error. Plaintiffs plan to amend following the hearing on Foundry's Motion to Dismiss, as the error in no way affects the subjects discussed in that motion.  Plaintiffs are hopeful that Foundry will stipulate to such amendment.

Defendant:

Plaintiffs have not presented Foundry with the proposed amendment. However, Foundry is available to meet and confer with Plaintiffs regarding the proposed amendment.

**6.  Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stores Information (the "ESI Guidelines") and have met and conferred pursuant to Federal Rule of Civil

Procedure Rule 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this Action.

**7.     Disclosures**

Plaintiffs:

Because this is a domestication of foreign judgment, the Plaintiff does not anticipate any witnesses or evidence beyond that related to the Israeli court matter.  Plaintiff will meet and confer with Defendant about the extent of the Israeli court documents and provide any Defendant lacks.  In any event, pursuant to Rule 26(a)(1)(C), the Plaintiff proposes that the parties timely serve their Initial Disclosures within 21 days of the Court's case management order.

Defendant:

Disclosures are premature while Foundry's Motion to Dismiss is pending. Should the Court deny Foundry's Motion to Dismiss, Foundry will file an Answer within 14 days, pursuant to Rule 12(a)(4)(A), after notice of the Court's decision. Foundry proposes that the parties timely serve their Initial Disclosures within 14 days of Foundry's Answer.

**8.     Discovery**

Plaintiffs:  No discovery has occurred to date.  Plaintiff does not believe there is any need for discovery as this is an action for domestication of foreign judgment based upon the record from the Israeli court.  Additionally, it is possible that limited expert testimony regarding the Israeli court system may be offered by a party.  Plaintiff will meet and confer with Defendant regarding the record and any potential expert testimony.

Defendant:  In the event that the Court denies Foundry's Motion to Dismiss, Foundry anticipates that discovery will be necessary and appropriate, especially in connection with counterclaims that Foundry would intend to file. Foundry does not propose any limitations or modifications of the discovery rules. Should Foundry's Motion to Dismiss be denied and once Foundry has filed its Answer, Foundry proposes the parties jointly submit a proposed protective order and ESI protocol to the Court.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

7
JOINT CASE MANAGEMENT STATEMENT; [PROPOSED] ORDER

There are no related cases.

**11.    Relief**

Plaintiffs:

Plaintiffs seek domestication of the Final Judgment in the amount of NIS 18,794,006.00. As of the filing of the Complaint, this amounts to approximately $5,109,843.94 in U.S. currency.

Defendant:

Foundry reserves its right to seek appropriate relief in its Answer and counterclaims should Foundry's Motion to Dismiss be denied.

**12.    Settlement and ADR**

Plaintiffs:  The parties met and conferred on September 5, 2024, in compliance with ADR L.R. 3-5.  Plaintiff does not believe that ADR would be fruitful, as the parties previously participated in mediation through a JAMS neutral mediator and individual negotiations and no resolution was reached. Plaintiff is seeking to domesticate a foreign judgment.  Plaintiffs agree with Defendant that should they proceed with ADR, they would prefer mediation by a magistrate judge of this Court.  Both parties have filed an ADR Certification in compliance with ADR L.R. 3-5.

Defendant:  Foundry agrees with Plaintiffs that an early settlement conference with a magistrate judge is the preferred ADR option. Foundry proposes that the early settlement conference with a magistrate judge occur no earlier than December 2024.

**13.    Other References**

The Parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

Plaintiffs:

The only issue properly before this Court is whether domestication of the Final Judgment under the Recognition Act is warranted.  Any dispute as to the merits of Plaintiffs' underlying claim should have been adjudicated in the Israeli action and is improperly raised in this Court. *Bank of Montreal v. Kough*, 612 F.2d 467, 473 (9th Cir. 1980) (dismissing counterclaims brought by defendant in an action for recognition pursuant to the Recognition Act because "[t]o allow the defenses that [defendant] now

seeks to raise in the guise of counterclaims would undercut the validity of the judgment against him, and permit him to relitigate the case De novo.").

Defendant:

Should Foundry's Motion to Dismiss be denied and the case proceed, Foundry will raise appropriate counterclaims. Claims related to the parties' underlying contract and Plaintiffs' conduct may be validly raised in this Court. Courts limit the application of *res judicata* "[w]hen a judgment has been obtained through fraudulent means" because "the policy favoring a fair adversary proceeding on the merits outweighs the public policy that underlies finality of judgments." *Smith v. Bd. of Trs.*, No. CV 17-1133-BRO, 2017 U.S. Dist. LEXIS 220220, at *17 (C.D. Cal. May 5, 2017).

**15. Scheduling**

Plaintiffs:  As noted, Plaintiffs do not believe that any discovery is necessary to resolve the issue of domestication of a foreign judgment.  Rather, Plaintiffs will be filing a motion for summary judgment based upon the record of the Israeli court judgment.  The only potential additional evidence that may arise would be in the form of expert testimony regarding the Israeli court system, although at present Plaintiffs do not believe that is itself necessary.  As such, Plaintiffs propose that the parties further meet and confer regarding the scope of the Israeli court record and whether either party anticipates expert testimony or other declarations.  Thereafter, the parties can file cross-motions for summary adjudication to resolve the present domestication action.  Accordingly, Plaintiffs propose the following schedule.

| | |
|---|---|
| Deadline to meet and confer regarding Israeli court record and expert testimony or other evidence: | November 15, 2024 |
| Expert Witness Disclosure (Initial): | December 6, 2024 |
| Expert Witness Disclosure (Rebuttal): | January 3, 2025 |
| Expert Discovery Cut-off: | January 24, 2025 |
| Plaintiffs' Motion for Summary Judgment: | February 7, 2025 |

| | |
|---|---|
| Defendant's Opposition and Cross-Motion for Summary Judgment: | February 28, 2025 |
| Plaintiffs' Reply and Opposition to Defendant's Cross-Motion | March 14, 2025 |
| Defendant's Reply | March 28, 2025 |
| Hearing on Cross-Motions | April 9, 2025 |

Defendant:  The schedule should reflect that Foundry's Motion to Dismiss is pending and will not be heard until October 22, 2024. If the Court denies the Motion, Foundry will have 14 days to file its Answer and bring counterclaims. Foundry anticipates that there will be significant fact and expert discovery in this matter, especially related to its counterclaims. Plaintiffs' assertion that the only discovery issue pertains to the "Israeli court record" is wrong and improperly assesses the scope of litigation in the event dismissal is not successful. (Even Plaintiffs' reference to the need for expert witness evidence itself reflects the fact that discovery is necessary to adjudicating Plaintiffs' claim.)

Accordingly, Foundry proposes the following schedule:

| | |
|---|---|
| Non-Expert Discovery Cutoff: | April 7, 2025 |
| Expert Witness Disclosure (Initial): | May 6, 2025 |
| Expert Witness Disclosure (Rebuttal): | June 4, 2025 |
| Expert Discovery Cut-off: | July 9, 2025 |
| Hearing on Dispositive Motions: | August 27, 2025 |
| Final Pretrial Conference: | November 17, 2025 |
| Trial: | December 8, 2025 |

**16.  Trial**

Plaintiffs:

Plaintiffs do not request a jury trial.

Defendant:

Foundry reserves its right to demand a jury trial as provided in Fed. R. Civ. P. 38(b) in its Answer and counterclaims should Foundry's Motion to Dismiss be denied.

**17.    Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs:

Both Orot and Omega filed their Certificate of Interested Parties on June 27, 2024. (Dkt. 7-8.) Neither Orot nor Omega identified any interested parties.

Defendant:

Foundry filed its Certificate of Interested Parties on July 18, 2024. (Dkt. 12.) Foundry did not identify any interested parties.

**18.    Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.    Other**

The Parties do not anticipate any other issues. The Parties reserve the right to supplement this section as needed.

DATED:  September 19, 2024               GREENBERG TRAURIG, LLP

By: */s/ Todd Pickles*
    Todd Pickles
    Henry A. Stroud

Attorneys for Plaintiffs
E.Y. OROT ASSETS LTD. and OMEGA ECO DIAMONDS LTD.

DATED: September 19, 2024               DLA PIPER LLP (US)

By: */s/ Jeffrey E. Tsai*
    Jeffrey E. Tsai
    James S. Davidson

Attorneys for Defendant
DIAMOND FOUNDRY, INC.

## SIGNATURE ATTESTATION

Pursuant to L.R. 5-1(h)(3), I hereby attest that all signatures listed above, and on whose behalf this filing is submitted, concur in the filings' content and have authorized this filing.

DATED: September 19, 2024                GREENBERG TRAURIG, LLP


By: /s/ *Todd Pickles*
    Todd Pickles
    Henry A. Stroud

**[PROPOSED] ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

Honorable Trina L. Thompson