1  JEFFREY E. TSAI (SBN 226081)
    jeff.tsai@us.dlapiper.com
2  JAMES S. DAVIDSON (SBN 347622)
    jamie.davidson@us.dlapiper.com
3  DLA PIPER LLP (US)
   555 Mission Street, Suite 2400
4  San Francisco, California 94105-2933
   Tel: 415.836.2500  |  Fax: 415.836.2501
5

6  *Attorneys for Defendant*
   *DIAMOND FOUNDRY INC.*
7

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>　　　　　　　Defendant. | Case No.  3:24-cv-03836-TLT<br><br>**DEFENDANT DIAMOND FOUNDRY INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. 12(b)(6)**<br><br>Date:　　　October 22, 2024<br>Time:　　　2:00 p.m.<br>Courtroom: Courtroom 9<br>Judge:　　　The Hon. Trina L. Thompson |

Defendant Diamond Foundry Inc. ("Defendant" or "Foundry") files this reply brief ("Reply") in further support of its motion to dismiss the complaint filed by Plaintiffs E.Y. Orot Assets Ltd. and Omega Eco Diamonds Ltd. ("Plaintiffs").

**I.    INTRODUCTION**

The complaint should be dismissed with prejudice. Nothing in Plaintiffs' Opposition (ECF No. 25) warrants a different conclusion.

Pursuant to California's Uniform Foreign-Country Money Judgments Recognition Act ("Recognition Act"), courts shall not—absent a *demonstrated outweighing good reason*—recognize a foreign judgment if the foreign proceeding was contrary to an agreement between the parties to resolve disputes in a particular manner (Section 1716(c)(1)(D)) or otherwise violates public policy, has substantial doubt as to its integrity, or lacks due process (Section 1716(c)(1)(C), (F), & (G)). Plaintiffs do not contest that (1) the parties' agreement (the "Agreement") required the parties to mediate before commencing litigation and (2) no pre-litigation mediation occurred before Plaintiffs filed suit against Foundry in Israel. Moreover, Plaintiffs do not contest that the complaint fails to allege a "good reason" (as set forth in the Recognition Act) for the Court to recognize the Final Israeli Default Judgment[1] despite these established nonrecognition grounds. On this basis alone, the Court has a sufficient legal basis to dismiss the complaint given the pleading failures.

Plaintiffs' attempts to recontextualize the actions of the Israeli District Court *outside of what they alleged in their own complaint* lay bare the deficiencies in their allegations. And, in any event, the improper recontextualizing cannot alter what the complaint itself clearly establishes: that the Israeli District Court's actions contravene California public policy, raise substantial doubt about the integrity of the court, and were incompatible with due process, establishing grounds for nonrecognition under Section 1716(c)(1)(C), (F), & (G).

Plaintiffs' Opposition does not—and cannot—save the complaint's pleading failures in

---

[1] Terms not defined in this Reply shall have the meanings ascribed to them in Foundry's motion to dismiss (ECF No. 20).

1

DEFENDANT DIAMOND FOUNDRY INC.'S REPLY IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)
CASE NO. 3:24-CV-03836-TLT

light of admitted facts that contravene the Recognition Act. As a result, any future amendment to the complaint would be futile. The Court should dismiss the complaint with prejudice.

II. **ARGUMENT**

    A. **The Complaint Concedes That a Contractually Required Mediation Did Not Occur Prior to the Initiation of the Israel Court Action**

By the complaint's own allegations and the Opposition's concession, the pleadings conclusively establish grounds for nonrecognition of the Final Israeli Default Judgment under the Recognition Act. *See* Cal. Civ. Proc. Code § 1716(c)(1)(D) ("A court of this state shall not recognize a foreign-country judgment if . . . [t]he proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court."). Specifically, in their Opposition, Plaintiffs do not contest that (1) the Agreement contains "a provision, in case of a dispute, requiring mediation ***prior to commencement of litigation***" (Compl. ¶ 6) (emphasis added), and (2) the complaint fails to allege that the required mediation occurred prior to Plaintiffs filing suit in Israeli court.[2]

The Opposition attempts to put forward two work-around arguments, neither of which are adequate to overcome dismissal here.

<u>First</u>, ignoring their own pleading that the Agreement contains "a provision, in case of a dispute, requiring mediation ***prior to commencement of litigation***" (*Id*. at ¶ 6) (emphasis added), Plaintiffs' Opposition now argues—outside of the four corners of the Complaint—that "Plaintiffs did, in fact, mediate in accordance with the Agreement." Opp. at 11. Plaintiffs' only support for this claim are the complaint's references to "requests for mediation" prior to the filing of the Israeli complaint and the parties' mediation "[o]n May 3, 2023," following the entry of the Israeli Default Judgment and prior to the issuance of the Final Israeli Default

---

[2] And the Opposition concedes that the complaint fails to allege any statutory "good reason" for recognition that "outweighs" Plaintiffs' breach of the Agreement's mediation requirement. *See* Cal. Civ. Proc. Code § 1716(c)(2). Plaintiffs' pleading failure is fatal to the complaint as a matter of law.

Judgment. *Id*. Of course, as Plaintiffs state in both the complaint and the Opposition, Plaintiffs commenced litigation against Foundry in Israel on March 27, 2022, ***over a year prior to the parties' mediation***. *See* Compl. ¶ 7; Opp. at 11. On their face, neither "requests for mediation" or a mediation that occurred over a year after Plaintiffs filed the Israeli complaint constitute "mediation prior to commencement of litigation." *Id*. at ¶ 6. Plaintiffs' contention that they functionally satisfied the requirement is pure argument that falls outside of the complaint—it should not be considered by the Court on a motion to dismiss. By the complaint's own terms, Plaintiffs cannot oppose that the complaint fails to allege that the required mediation occurred prior to Plaintiffs filing suit in Israeli court.

Second, unable to credibly deny that Plaintiffs failed to satisfy the pre-litigation mediation requirement, Plaintiffs alternatively argue "that [Section 1716(c)(1)(D)] does not apply here." Opp. at 10. Without citing authority, Plaintiffs hypothesize that Section 1716(c)(1)(D) only "applies where an agreement requires resolution in a different forum or precludes resolution in the forum in which the judgment was obtained." Opp. at 10. Nothing in Section 1716(c)(1)(D) indicates that its application is conscripted to forum-selection clauses. Rather, by its express terms, Section 1716(c)(1)(D) broadly applies when "[t]he proceeding in the foreign court was contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court." Cal. Civ. Proc. Code § 1716(c)(1)(D); *see also Grundig Multimedia AG v. Etón Corp.*, 2021 WL 411237, at *4 (N.D. Cal. Feb. 5, 2021) (ruling that Section 1716(c)(1)(D) applies where "the parties contractually agreed to resolve disputes in one particular manner, but a foreign court adjudicated the dispute instead"). Mediation is a common form of "alternative dispute resolution" to which Plaintiffs and Foundry contractually agreed and, therefore, falls squarely under the application of Section 1716(c)(1)(D). *See Liftech Consultants Inc. v. Samsung Shipbuilding & Heavy Indus.*, No. C 10-2976 SBA, 2010 WL 4510905, at *3 (N.D. Cal. Nov. 1, 2010) (identifying mediation as a type of "alternative dispute resolution").[3]

---

[3] The two cases that Plaintiffs cite to argue that Section 1716(c)(1)(D) does not apply to mediation are inapposite. Plaintiffs cite *Delamater v. Anytime Fitness, Inc.,* 722 F. Supp 2d

Plaintiffs attempt to distinguish two of Foundry's cited cases (*Montebueno Marketing, Inc. v. Del Monte Foods Corp.-USA*, 2012 WL 986607 (N.D. Cal. Mar. 22, 2012) and *Tyco Valves & Controls Distribution GmbH v. Tippins, Inc.*, 2006 WL 2924814 (W.D. Pa. Oct. 10, 2006))—but only on the grounds that "neither case addresses a mediation." Opp. at 12. The distinction that Plaintiffs draw is without any legal (or factual) difference. Section 1716(c)(1)(D) makes no reference, distinction, or acknowledgement of the *type* of dispute resolution, and it certainly is not related to whether the dispute resolution is binding, non-binding, or otherwise. Instead, Section 1716(c)(1)(D) cares only whether the foreign-court proceeding "was contrary to an agreement between the parties under which the dispute in question was to be determined[.]" Here, there was such an agreement—the parties were obligated to conduct a pre-filing mediation. That Plaintiffs, by their complaint's own admission and their Opposition's concession, failed to do so is sufficient to warrant dismissal.

### B. The Complaint Conclusively Establishes That The Final Israeli Default Judgment Violates Section 1716's Fundamental Fairness Requirements

On the face of the complaint, the actions of the Israeli District Court contravene California public policy, raise substantial doubt about the integrity of the court, and were incompatible with due process, establishing grounds for nonrecognition under Section 1716(c)(1)(C), (F), & (G). Plaintiffs' attempts in their Opposition to recontextualize these violations of Section 1716's fundamental fairness provisions are unavailing.

<u>First</u>, the Israeli court's refusal to enforce the parties' pre-lawsuit contractual mediation requirement is directly contradictory to California public policy. Plaintiffs make no attempt to distinguish Foundry's cited authority (*B&O Mfg., Inc. v. Home Depot U.S.A., Inc.*), which underscores California's strong public policy in favor of mediation. *See id.*, 2007 WL 3232276, at *8 (N.D. Cal. Nov. 1, 2007) (upholding mediation requirement as a condition precedent to the

---

1168, 1177 (E.D. Cal. 2010) for the proposition that parties do not "assert[] a claim for relief or a demand for a legal remedy" in non-binding mediation and cite *Saeta v. Superior Court,* 117 Cal. App. 4th 261, 270 (2004) for the proposition that a mediator "has no authoritative decision-making power." Opp. at 10. Neither proposition has any bearing on whether mediation is a form of dispute resolution to which Plaintiffs and Foundry contractually agreed.

parties' right to sue). As evident in Plaintiffs' own cited authority, California courts will dismiss complaints where the pre-litigation mediation requirement was not satisfied. *See Delamater*, 722 F. Supp. 2d at 1180-81 (holding that the failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal); *Brosnan v. Dry Cleaning Station Inc.*, No. C-08-02028 EDL, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008) (granting motion to dismiss where "Plaintiffs failed to engage in mediation of this dispute prior to filing their lawsuit as required by the Franchise Agreement").[4]

Although *Brosnan* and *Rounds* both resulted in dismissal, Plaintiffs nevertheless cite these cases for the proposition that a complaint should be stayed—not dismissed—"when a plaintiff unsuccessfully attempts to engage in alternative dispute resolution pursuant to an agreement to do so before filing its complaint." Opp. at 13. Plaintiffs argue that, because they allegedly "attempted to mediate the dispute before filing the Israeli Complaint, and agreed to stay the case so that mediation could take place once Foundry appeared in the Israeli action[,] . . . the Israeli District Court's handling of the mediation requirement affirms, rather than violates, California public policy." *Id*. However, Plaintiffs have omitted that the parties' stay agreement was reached in December 2022 (Compl. ¶ 17)—***four months after the Israeli District Court entered the same-day default judgment***. Plaintiffs cite no authority for the proposition that a California court would completely ignore a pre-litigation mediation requirement and enter judgment against the defendant despite no mediation having occurred, but that is exactly what the Israeli District Court did in this matter. The Israeli District Court's violation of California's pro-mediation laws taints the Israeli proceedings and renders the Final Israeli Default Judgment repugnant to California public policy, establishing grounds for nonrecognition under Section 1716(c)(1)(C).

Second, the pleadings additionally establish that the Final Israeli Default Judgment

---

[4] Plaintiffs additionally cite *Charles J. Rounds Co. v. Joint Council of Teamsters No. 42*, 4 Cal. 3d 888 (1971), which involves an arbitration—not mediation—agreement but similarly results in dismissal because plaintiff "failed to adhere to the requirements of the arbitration provisions of the agreement." *Id*. at 891, 900.

resulted from proceedings that "raise substantial doubt about the integrity of the rendering court with respect to the judgment" (Cal. Civ. Proc. Code § 1716(c)(1)(F)) and were incompatible "with the requirements of due process of law." *Id*. at § 1716(c)(1)(G). The complaint alleges that the Israeli District Court entered the $5 million default judgment against Foundry the very *same day* as Plaintiffs moved for such relief (August 14, 2022), despite Foundry having responded to the Israeli complaint in June 2022.[5] *See* Compl. ¶¶ 13, 15. Plaintiffs argue that "[t]here are no facts within the Complaint that suggest this was in any way improper or contrary to law" (Opp. at 13), but no such additional facts are necessary where, as here, the act itself is intrinsically violative of due process. Plaintiffs additionally argue that the $5 million same-day default judgment "is ultimately irrelevant" because the Final Israeli Default Judgment "is the subject of Plaintiffs' domestication efforts." Opp. at 13. But the Final Israeli Default Judgment is simply a pro forma affirmation of the $5 million same-day default judgment and both judgments are issued by the Israeli District Court.

Finally, Plaintiffs' argument that "Foundry was afforded the ability to litigate the matter" (Opp. at 15) ***after*** the same-day entry of the $5 million default judgment is irrelevant because the entry of the same-day default judgment rendered the matter into a "guilty until proven innocent" proceeding. Instead of being able to litigate the merits of the case, Foundry was forced to file a motion to set aside the same-day default judgment, seeking relief from the same court that had issued the default judgment. Compl. ¶ 16. It is without surprise, then, that the Israeli District Court did not unconditionally grant Foundry's motion, only offering instead to set aside the default judgment if Foundry paid an exorbitant deposit of over $800,000. *Id*. at ¶ 30. The Israeli District Court's arbitrary and biased treatment of Foundry, as evidenced in the pleadings, is not compatible with the requirements of due process and raises substantial doubts about the integrity of the Israeli District Court's process in this particular matter.[6]

---

[5] Plaintiffs do not contest that the complaint does *not* allege that the Israeli District Court ever provided notice to Foundry that its English-written letter response to the Israeli complaint would be rejected.

[6] Plaintiffs cite three domestication cases—all outside of California—in an attempt to substantiate the integrity of the Israeli court system. Opp. at 15. All three cases are inapposite.

### C. Leave to Amend Should Not Be Granted

The Court should grant Foundry's motion to dismiss with prejudice and deny Plaintiffs leave to amend the complaint because the complaint cannot be "saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991); *see also Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (upholding dismissal with prejudice where "leave to amend would have been a futile exercise").

Plaintiffs have never alleged, argued, or otherwise claimed in any filing in this court or in the Israeli proceedings that the parties mediated prior to Plaintiffs filing suit in Israeli court— and that is because there was, in fact, no pre-litigation mediation. This fact is not disputed, and there is no amendment that can change the legal implication.

Similarly, Plaintiffs have never offered a statutory "good reason"—in either the complaint or the Opposition—for the Court to recognize the Final Israeli Default Judgment despite the established nonrecognition grounds under Section 1716(c)(1)(D). Granting leave to amend in this particular case would only serve to waste the Court's time and resources and further burden Foundry in responding to a baseless lawsuit. The complaint should be dismissed with prejudice.

### III. CONCLUSION

Plaintiffs' complaint fails to plausibly plead a cognizable claim under California's Uniform Foreign-Country Money Judgments Recognition Act. Plaintiffs' Opposition does nothing to save its domestication claim. Foundry reiterates its request that this Court dismiss the complaint in its entirety with prejudice.

---

*Israel v. Flick Mortg. Inv'rs, Inc.* centered on whether the Israeli court had personal jurisdiction over the defendant. *See id.*, 33 Fla. L. Weekly 2732, at *5-6 (Dist. Ct. App. 2008). However, in the instant matter, Foundry does not raise an argument related to lack of personal jurisdiction in its motion to dismiss. In *Cotter v. Cotter*, the court affirmed recognition of the foreign country judgment where "Defendant ***did not assert any ground for nonrecognition***." 185 N.C. App. 511, 518 (2007) (emphasis added). Here, Foundry has demonstrated several grounds for nonrecognition. Finally, in *Cassouto-Noff & Co. v. Diamond*, the court held that the Israeli judgment piercing the corporate veil was not repugnant to public policy because like the United States, "Israel also has a policy against lightly piercing the corporate veil." 487 Mass. 833, 837-38, 170 N.E.3d 319, 323-24 (2021). Unlike the Israeli court in *Cassouto-Noff* that closely followed American veil-piercing principles, in the instant matter, the Israeli District Court directly contravened California's public policy enforcing mediation agreements.

Dated: September 19, 2024            Respectfully submitted,

                                              DLA PIPER LLP (US)

                                 By: */s/ Jeffrey E. Tsai*
                                              JEFFREY E. TSAI
                                              JAMES S. DAVIDSON

                                              *Attorneys for Defendant*
                                              *DIAMOND FOUNDRY INC.*