JEFFREY E. TSAI (SBN CA 226081)
JAMES S. DAVIDSON (SBN CA 347622)
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501
*jeff.tsai@dlapiper.com*
*jamie.davidson@dlapiper.com*

*Attorneys for Defendant*
*DIAMOND FOUNDRY INC.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>                            Plaintiffs,<br><br>     v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>                            Defendant. | Case No.  3:24-cv-03836-TLT<br><br>**DEFENDANT DIAMOND FOUNDRY INC.'S RESPONSE TO THE COURT'S OCTOBER 23, 2024, QUESTIONS RE MOTION TO DISMISS HEARING** |

Defendant Diamond Foundry Inc. ("Diamond Foundry") files this Response to the Court's October 23, 2024, questions directed to Diamond Foundry regarding the motion to dismiss hearing currently scheduled for October 29, 2024. Diamond Foundry is also prepared to address, or otherwise respond to, the Court's plaintiff-directed questions (and/or arguments by Plaintiffs in opposition to Diamond Foundry's answers below).

**For Defendant:**

**1.    California's Uniform Foreign-Country Money Judgment Recognition Act section 1716(c)(1)(D) provides that recognition does not apply if the proceeding was "contrary to an agreement between the parties under which the dispute in question was to be determined otherwise than by proceedings in that foreign court."**

**a.    Please explain whether the proceeding before the Israeli District Court was contrary to the condition precedent requiring mediation and whether the condition precedent required the dispute was to be determined by proceedings other than in the Israeli District Court.**

**Defendant Diamond Foundry's Answer:**

Yes. The Israeli District Court proceedings violated the Foundry-As-A-Service Agreement ("Agreement") due to both of the bases identified in the Court's question.

<u>First</u>, the Israeli District Court proceeding was plainly contrary to the Agreement's condition precedent of pre-filing mediation. *See* DE-38 (Ex. A at § 6.9 ["Dispute Settlement"]). Under the Agreement, the parties were obligated to determine their dispute by mediation:

> Failing [an attempt to settle a dispute by friendly discussions], the Parties ***agree to attempt to resolve any dispute***, claim or controversy arising out of or relating to this Agreement ***by mediation***, which shall be conducted under the then current mediation procedures of The CPR Institute for Conflict Prevention & Resolution or any other procedure upon which the Parties may agree.

*See id.* (emphases added).

And, importantly, mediation had to occur ***prior to*** pursuing any other legal or equitable remedy (including litigation):

> The Parties further agree that their respective ***good faith participation in mediation is a condition precedent to pursuing*** any other available legal or equitable remedy, including litigation, arbitration or other dispute resolution procedures.

1    *See id.* (emphasis added).

2       Here, the complaint avers that the Israeli District Court action was filed on March 27,

3 2022. A mediation, however, did not occur prior to that date – instead, it occurred *after*

4 litigation commenced and, even, a same-day default judgment was obtained.[1] The sequencing

5 violated the terms of the Agreement, and it also rendered meaningless the whole point of cost-

6 efficient resolution without the leverage and unproductive distraction of pending litigation (or,

7 much less, a same-day default judgment). Under California law, Plaintiffs' violation of the

8 Agreement's condition-precedent requirement does not permit recognition and warrants

9 dismissal of this action under Section 1716(c)(1)(D)'s "contrary to an agreement between the

10 parties" provision. *See* Cal. Code Civ. Proc. § 1716(c)(1)(D) ("A court of this state shall not

11 recognize a foreign-country judgment if . . . [t]he proceeding in the foreign court was ***contrary***

12 ***to an agreement between the parties*** under which the dispute in question was to be determined

13 otherwise than by proceedings in that foreign court." [Emphasis added.]).

14       <u>Second</u>, as it relates to the issue of using the Israeli District Court as a remedy proceeding

15 of first resort, the Agreement's condition-precedent requirement required the parties to attempt

16 to "resolve" any dispute through "good faith participation in mediation" rather than other

17 proceedings. *See* DE-38 (Ex. A at § 6.9). Specifically, it required mediation proceedings using

18 the CPR Institute – and, to be sure, not *any* other proceeding in *any* other forum, including the

19 Israeli District Court. *See id.* (stating that mediation is a condition precedent to "***any other***

20 ***available legal or equitable remedy, including litigation, arbitration or other dispute***

21 ***resolution procedures***") (emphasis added). In other words, framed in the statutory language of

22 Section 1716(c)(1)(D), the parties' Agreement mandated pre-filing dispute resolution through

23 mediation (i.e., "determined otherwise") rather than by Israeli District Court ("than by

24 proceedings in that foreign court"). *See* Cal. Code Civ. Proc. § 1716(c)(1)(D); *see also Grundig*

25 *Multimedia AG v. Etón Corp.,* 2021 WL 411237, at *13 (N.D. Cal. Feb. 5, 2021) (ruling that

26

---

27      [1] To be sure, the complaint's attempt to elide the mediation requirement by suggesting that a mere *request* for mediation is somehow contractually sufficient distorts and rewrites the plain terms of the Agreement. Under the Agreement, "good faith ***participation*** in mediation" is

28 the mandatory – not optional – "condition precedent." *See* DE-38 (Ex. A at § 6.9).

Cal. Code Civ. Proc. § 1716(c)(1)(D)'s non-recognition provision applies where "the parties contractually agreed to resolve disputes in **one particular manner**, but a foreign court adjudicated the dispute instead." [Emphasis added].).

If, and only if, the parties *first* "participat[e] in mediation" in "good faith" (DE-38 [Ex. A at § 6.9]), litigation (or other method) could proceed. Pre-filing mediation – rather than, as happened here, post-same-day-default-judgment mediation – very well would have, and should have, resolved Plaintiffs' dispute. But Plaintiffs prevented that resolution by intentionally disregarding the parties' agreed-upon process through a first-resort Israeli District Court lawsuit filed on March 27, 2022, prior to any mediation between the Parties occurring (or, even, the filing of a mediation demand/petition with the CPR Institute). By doing so, it was *Plaintiffs* who breached Section 6.9 of the Agreement. As a result, the parties' mediation over a year later on May 3, 2023 – well *after* the entry of the same-day Israeli Default Judgment – has no legal or factual meaning as it relates to Plaintiff's *pre-litigation* mediation requirement.

**For Defendant:**

     i.    **Please provide any authority (statutory or case law) that involves both section 1716(c)(1)(D) and a condition precedent to mediate. Explain how the authority applies to this case.**

**Defendant Diamond Foundry's Answer:**

The case law cited by Diamond Foundry in its motion papers fundamentally supports the conclusion that a condition-precedent failure, as occurred here, is a sufficient basis under Section 1716(c)(1)(D) to reject foreign-judgment recognition. In *Montebueno Marketing, Inc. v. Del Monte Foods Corp.-USA*, 2012 WL 986607 (N.D. Cal. Mar. 22, 2012), the Northern District court dismissed a foreign-judgment enforcement suit where the plaintiffs initiated litigation in the Philippines despite the parties' agreement to resolve disputes through arbitration. *Id*. at *4. The *Montebueno* decision pertained to the alternative dispute resolution method of arbitration, not mediation. However, the Court should reach a similar conclusion here and dismiss Plaintiffs' complaint because the framing of the core legal issue is the same in both cases – that is, whether an agreed procedure for resolving a dispute (*see* DE-38 [Ex. A at § 6.9]

["The Parties further agree that their respective **good faith participation in mediation is a condition precedent . . .**"]) can be intentionally ignored in order to proceed in litigation in a foreign jurisdiction. Those were the circumstances in *Montebueno*, and they are in this case, as well. That *Montebueno* involved an arbitration and this matter involved a mediation is of no legal moment. The *Montebueno* arbitration may have been non-binding *or* binding – importantly, however, the *Montebueno* court's decision did not rely upon that distinction. And even if it did, the *Montebueno* result should still be the same in this case because the Agreement's plain language, here, also permits pre-filing mediation to be non-binding *or* binding.

**For Defendant:**

2.      **Finally, the parties here stayed the Israeli proceedings to mediate with the Hon. Robert Dondero (Ret.) in San Francisco. ECF 1 ¶ 18.**

a.      **Courts in this district have dismissed complaints for failing to mediate prior to filing suit.** *See Brosnan v. Dry Cleaning Station Inc.*, No. C-08-02028 EDL, **2008 WL 2388392, at \*2 (N.D. Cal. June 6, 2008) (dismissing a case for failure to mediate when mediation is a condition precedent);** *B&O Mfg., Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864 JSW, 2007 WL 3232276, at \*8 (N.D. Cal. **Nov. 1, 2007) (dismissing a case when mediation was a condition precedent of an agreement between the parties).**

i.      **Once the parties mediate, does this satisfy the condition precedent?**

**Defendant Diamond Foundry's Answer:**

Yes, by the plain terms of the Agreement, mediation does satisfy the condition precedent – *but under three key conditions*:

[1] The mediation is "conducted under the then current mediation procedures of The CPR Institute for Conflict Prevention & Resolution or any other procedure upon which the Parties may agree";

[2] The mediation actually occurs through "good faith participation"; and

[3] The good-faith mediation participation *happens before* "pursuing any other available

4

legal or equitable remedy, including litigation, arbitration or other dispute resolution procedures."[2]

*See* DE-38 (Ex. A at § 6.9).

A mediation will not, in and of itself, satisfy the condition-precedent provision unless it complies with the three conditions set forth in the Agreement. For that reason, as explained below, even a later-occurring mediation is not a legal or factual cure for an improperly commenced litigation if such mediation occurs out of sequence.

**For Defendant:**

> **1.     Please explain whether the mediation in this case satisfied the condition precedent as to the judicial proceedings following the mediation.**

**Defendant Diamond Foundry's Answer:**

No, the Israeli District Court proceedings that *followed* the May 2023 mediation did not legally or factually cure Plaintiffs' violation of the condition-precedent requirement.

The fundamental characteristic of pre-filing mediation is that it occurs *prior* to litigation being filed. Once litigation has begun (or a same-day default judgment has been obtained), pre-filing mediation per the Agreement is not possible (as to that litigation).[3] The condition precedent in the Agreement's Section 6.9 is only satisfied by "good faith participation" in a *pre-filing* mediation – that is, a mediation prior to "pursuing any other available or equitable remedy," which includes "litigation."

Here, the post-mediation Israeli District Court proceedings were merely the continuation of proceedings that had *already* (and improperly) been "pursu[ed]" through the filing of a

---

[2] The Northern District has held that, "[u]nder California law, '[a] condition precedent is either an act of a party that must be performed or an uncertain event that ***must happen before the contractual right accrues*** or the contractual duty arises.'" *Spartan Cap. Sec., LLC v. Vicinity Motor Corp.*, No. 23-CV-01180-TSH, 2023 WL 4004116, at *5 (N.D. Cal. June 13, 2023) (quotation omitted and emphasis added).

[3] Going forward, Plaintiffs' good-faith participation in a pre-filing mediation would only satisfy the mediation condition precedent for *future, new* litigation based on any dispute under the Agreement. Should such a good-faith participation in mediation fail to resolve such a dispute, Plaintiffs would not be contractually barred from initiating *new* litigation at that time.

1  March 2022 lawsuit and the issuance of an August 2022 same-day default judgment. Therefore,

2  the May 3, 2023, mediation cannot constitute a pre-filing or pre-litigation mediation – and it

3  does not serve to cure the Israeli judicial proceedings that occurred *after* the mediation.

4  **For Defendant:**

5              **2.       Please explain whether the mediation as to the initial litigation**

6                          **satisfied the condition precedent.**

7  **Defendant Diamond Foundry's Answer:**

8              No, the May 3, 2023, mediation did not satisfy the condition precedent as to the Israeli

9  District Court litigation that occurred *before* the mediation.

10             The mediation on May 3, 2023, occurred over a year after Plaintiffs initiated the March

11 2022 proceedings in the Israeli District Court and also after the August 2022 entry of the Israeli

12 Default Judgment. By the Agreement's plain terms, Plaintiffs were contractually barred from

13 initiating litigation in Israeli District Court (or anywhere else) before they good-faith

14 participated in mediation – and this is because the Parties agreed that "mediation is a condition

15 precedent to pursuing any other legal or equitable remedy, including litigation[.]" *See* DE-38

16 [Ex. A at § 6.9]. That a mediation occurred later in time – which simply reflects Diamond

17 Foundry's good faith – is not a basis in law or fact to somehow retroactively cure Plaintiffs'

18 fundamental contract-breach violation of the mediation condition precedent in Section 6.9 of the

19 Agreement. *See, e.g.*, *Bellingham Marine Indus., Inc. v. Del Rey Fuel, LLC,* No. CV 12-05164

20 MMM, 2012 WL 12941958, at *14 (C.D. Cal. Oct. 19, 2012) (dismissing action because

21 plaintiff "filing a mediation demand and a summons and complaint *concurrently*" still did not

22 satisfy condition precedent to mediate prior to litigation) (emphasis added).

23 ////

24 ////

25 ////

26 ////

27 ////

28 ////

1

\* \* \* \* \*

2

3   Dated:  October 25, 2024                    Respectfully submitted,

4                                               DLA PIPER LLP (US)

5                                       By:  /s/ *Jeffrey E. Tsai*
                                             JEFFREY E. TSAI
6                                            JAMES S. DAVIDSON
                                             *Attorneys for Defendant*
7                                            *DIAMOND FOUNDRY INC.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT DIAMOND FOUNDRY INC.'S RESPONSE TO THE COURT'S OCTOBER 23, 2024,
QUESTIONS RE MOTION TO DISMISS HEARING
CASE NO. 3:24-CV-03836-TLT