| | |
|---|---|
| 1 | JEFFREY E. TSAI (SBN 226081) |
| 2 | *jeff.tsai@us.dlapiper.com*<br>JAMES S. DAVIDSON (SBN 347622) |
| 3 | *jamie.davidson@us.dlapiper.com*<br>DLA PIPER LLP (US) |
| 4 | 555 Mission Street, Suite 2400<br>San Francisco, California 94105-2933 |
| 5 | Tel: 415.836.2500  |  Fax: 415.836.2501 |
| 6 | *Attorneys for Defendant* |
| 7 | *DIAMOND FOUNDRY INC.* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO**

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>Plaintiffs,<br>v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-03836-TLT<br><br>**DEFENDANT DIAMOND FOUNDRY INC.'S NOTICE OF MOTION AND MOTION FOR RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(E), 60(A) AND/OR 60(B) FROM JUDGMENT**<br><br>Date:        February 4, 2025<br>Time:       2:00 p.m.<br>Courtroom: Courtroom 9<br>Judge:      The Hon. Trina L. Thompson |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, under Federal Rule of Civil Procedure 60, Defendant Diamond Foundry Inc. ("Foundry") respectfully moves for relief from the Court's November 18, 2024, judgment (ECF No. 43).

Where there has been no "final decision" as it pertains a case, there is no "end[] [to] the litigation on the merits[.]" *Gjovik v. Apple Inc.*, No. 23-CV-04597-EMC, 2024 WL 4752090, at *1 (N.D. Cal. Oct. 25, 2024) (quotation omitted). The denial of a motion to dismiss is such a "nonfinal" decision that does not terminate a case. *See In re Rega Properties, Ltd.*, 894 F.2d 1136, 1138 n.4 (9th Cir. 1990); *see also Pub. Storage v. Burrus*, No. 8:23-CV-01190-FWS-DFM, 2024 WL 3513015, at *1 (C.D. Cal. June 7, 2024) (noting that, "if the court denies a Rule 12 motion, 'the responsive pleading must be served within 14 days after notice of the court's action'" (quoting Fed. R. Civ. P. 12(a)(4)(A))).

Here, the Court entered judgment on November 14, 2024, against Foundry following the Court's denial of Foundry's motion to dismiss. *See* ECF No. 42. However, as a legal matter, entry of the judgment was a court "mistake" due to its prematurity and Foundry's procedural and due process rights – including as set forth in the Federal Rules of Civil Procedure, such as submitting an answer (with affirmative defenses). Indeed, Foundry is docketed to file its Answer to complaint on or before November 29, 2024. *See Pub. Storage*, No. 8:23-CV-01190-FWS-DFM, 2024 WL 3513015, at *1.

As such, under Federal Rule of Civil Procedure 60(b)(1), Foundry is entitled to relief due to the legal mistake. *See, e.g.*, *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 126 F. App'x 793, 794 (9th Cir. 2005) ("Rule 60(b) authorizes relief from judgments for 'mistake, inadvertence, surprise, or excusable neglect.' The 'mistakes' of judges may be remedied under this provision, which also encompasses mistakes in the application of the law.") (Citation omitted). Alternatively, if the judgment was merely a clerical or administrative error, Foundry respectfully seeks relief from the judgment under Federal Rule of Civil Procedure 60(a). *See id.* (authorizing courts to "correct a clerical mistake or a mistake arising from oversight or

omission whenever one is found in a judgment, order, or other part of the record"). Finally, in the alternative, Foundry seeks relief under Federal Rule of Civil Procedure 59(e) which provides the Court "considerable discretion" to correct "clear error." *Kaufmann v. Kijakazi*, 32 F. 4th 843, 846, 851 (9th Cir. 2022). Foundry therefore respectfully requests that the Court vacate the judgment and reopen the case for proceedings pursuant to the Court's existing scheduling order re-instated on November 21, 2024 (ECF Nos. 33 and 45).

Foundry respectfully submits under Local Rule 7-1(b) that this motion does not necessitate oral argument unless it would aid the court.

The Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, and the files and records in this action.

Dated: November 26, 2024

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ JEFFREY E. TSAI
JEFFREY E. TSAI
JAMES S. DAVIDSON
*Attorneys for Defendant*
*DIAMOND FOUNDRY INC.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court's final judgment on November 18, 2024 (ECF No. 43) was in error (or, alternatively, constituted a clerical mistake) because there has been no final decision in this case. The Court's denial of Defendant Diamond Foundry, Inc's motion to dismiss (ECF No. 42) was a non-final decision, and it is entitled to its procedural and due process rights – including those set forth in the Federal Rules of Civil Procedure, such as filing a Rule 12 answer to the complaint on or before November 29, 2024 (ECF No. 45).

Under Federal Rule of Civil Procedure 60(b)(1), entry of a premature final judgment is a court mistake from which Defendant Diamond Foundry, Inc. ("Foundry") is entitled to relief. Alternatively, if the judgment was merely a clerical error, Foundry seeks relief from the judgment under Federal Rule of Civil Procedure 60(a). Finally, in the alternative, Foundry respectfully requests that the Court uses its discretion under Federal Rule of Civil Procedure 59(e) to correct this clear error.

Although the Court has already re-instated key litigation events following entry of the judgment (e.g., ECF No. 44 [minute entry regarding "Reset Settlement Conference"] and ECF No. 45 [minute entry regarding "Set Deadlines/Hearings re: ECF No. [33]"]), Foundry respectfully requests that the Court vacate the judgment and technically re-open the case for proceedings pursuant to the Court's scheduling order (ECF No. 45).

## II.  RELEVANT BACKGROUND

Plaintiffs filed their complaint for domestication of foreign judgment ("Complaint") on June 26, 2024. *See* ECF No. 1. Foundry moved to dismiss the Complaint pursuant to Rule 12(b)(6) on August 29, 2024. *See* ECF No. 20. Following briefing and oral argument, the Court denied Foundry's motion to dismiss on November 14, 2024. *See* ECF No. 42.

On November 18, 2024, the Court entered judgment "in favor of Plaintiff and against Defendant" and instructed the Clerk of Court to "close the file in this matter." ECF No. 43. Subsequently, on November 21, 2024, the Court issued two minute entries: one that re-set the settlement conference date for February 12, 2025 (ECF No. 44) and another that re-instated the

deadlines and hearings from ECF No. 33 (ECF No. 45).

## III.  ARGUMENT

Federal Rule of Civil Procedure 60(b)(1) provides that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Moreover, "[t]he 'mistakes' of judges may be remedied under this provision, which also encompasses mistakes in the application of the law." *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 126 F. App'x 793, 794 (9th Cir. 2005).

In this case, the judgment (ECF No. 43) was premature and constitutes a Rule 60(b)(1) "mistake" from which Foundry is entitled to relief because the Court's denial of Foundry's motion to dismiss was a "nonfinal" decision. *See In re Rega Properties, Ltd.*, 894 F.2d 1136, 1138 n.4 (9th Cir. 1990) ("Generally, the denial of a motion to dismiss is considered nonfinal."); *see also Shelley v. Ames*, 1989 WL 37378, at *1 (6th Cir. 1989) ("The general rule is that the denial of a motion to dismiss is nonfinal."). And where there has been no "final decision" as it pertains to a case, there is no "end[] [to] the litigation on the merits[.]" *Gjovik v. Apple Inc.*, No. 23-CV-04597-EMC, 2024 WL 4752090, at *1 (N.D. Cal. Oct. 25, 2024) (quotation omitted). As such, the correct next phase following the denial of a motion to dismiss is the filing of an answer. *See, e.g.*, *Pub. Storage v. Burrus*, No. 8:23-CV-01190-FWS-DFM, 2024 WL 3513015, at *1 (C.D. Cal. June 7, 2024) (noting that, "if the court denies a Rule 12 motion, 'the responsive pleading must be served within 14 days after notice of the court's action'") (citation omitted). Here, Foundry has until November 29, 2024 to file its Answer. *See* Fed. R. Civ. P. 12(a)(4)(A).

Although the Court has re-instated the relevant litigation dates (namely, re-setting the settlement conference date for February 12, 2025 [ECF No. 44] and re-setting the deadlines and hearings from ECF No. 33 [ECF No. 45], vacating the judgment is the appropriate relief and remedy – pursuant to Rule 60(b)(1) – to eliminate procedural confusion.

Alternatively, under Federal Rule of Civil Procedure 60(a), the Court may "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a

judgment, order, or other part of the record." Thus, if the judgment was merely a clerical error, Foundry is similarly entitled to the relief sought from the judgment under Rule 60(a). Finally, in the alternative, Federal Rule of Civil Procedure 59(e) "permits, if not encourages, a district court to correct its own clear errors." *Kaufmann v. Kijakazi*, 32 F. 4th 843, 851 (9th Cir. 2022). The judgment is a "clear error" that the Court should use its "considerable discretion" to correct. *Id*. at 846, 851.

## IV.  CONCLUSION

Foundry respectfully requests that the Court grant Foundry's motion for relief and vacate the judgment so that the case may proceed in accordance with the Court's scheduling order (ECF Nos. 33 and 45).

Dated:  November 26, 2024

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ JEFFREY E. TSAI*
JEFFREY E. TSAI
JAMES S. DAVIDSON
*Attorneys for Defendant*
*DIAMOND FOUNDRY INC.*