JEFFREY E. TSAI (SBN 226081)
 jeff.tsai@us.dlapiper.com
JAMES S. DAVIDSON (SBN 347622)
 jamie.davidson@us.dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Tel: 415.836.2500  |  Fax: 415.836.2501

*Attorneys for Defendant*
*DIAMOND FOUNDRY INC.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>Defendant. | Case No.  3:24-cv-03836-TLT<br><br>**DEFENDANT DIAMOND FOUNDRY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM**<br><br>Judge: The Hon. Trina L. Thompson<br>Action Filed: June 26, 2024<br>Trial Date: February 9, 2026 |

Defendant Diamond Foundry Inc. ("Defendant" or "Foundry"), through its undersigned counsel, hereby submits its Answer, Affirmative Defenses, and Counterclaim to the Complaint of Plaintiffs E.Y. Orot Assets Ltd. ("Orot") and Omega Eco Diamonds Ltd. ("Omega," and, together with Orot, "Plaintiffs") dated June 26, 2024 ("Complaint"). Except as otherwise expressly admitted herein, Foundry denies each and every allegation in the Complaint, including without limitation any allegations contained in the Complaint's prayer for relief, headings, and subheadings, except as otherwise expressly admitted below. In accordance with Federal Rule of Civil Procedure 8(b)(5), to the extent Foundry denies knowledge or information sufficient to form a belief as to the truth of an allegation, that allegation is deemed to be denied.

This Answer is based upon Foundry's investigation to date, and Foundry expressly reserves the right to further amend its Answer to the extent provided for under applicable law. Foundry further states that, by filing this Answer, Foundry does not waive, and hereby expressly preserves, all defenses.

Subject to and expressly incorporating those reservations of rights and specifically responding to the allegations contained in the Complaint, and subject to and without waiving the other defenses stated herein, Foundry states as follows:

**THE PARTIES**

1. Foundry admits that Orot is a company organized under the laws of the State of Israel with its principal place of business in the City of Tel Aviv, Israel.

2. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 2 and, on that basis, denies them.

3. Foundry admits it is a corporation organized under the laws of the State of Delaware with its principal place of business in the City of South San Francisco, County of San Mateo, in the State of California.

**JURISDICTION AND VENUE**

4. Paragraph 4 contains legal argument concerning the Court's jurisdiction, and no response is required. To the extent a response is required, the law speaks for itself.

5. Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Foundry admits that it resides in the judicial district of the Northern District of California.

## NATURE AND SUBSTANCE OF THE CLAIM

6. Foundry admits that Foundry and Orot entered into an agreement entitled "Foundry-As-A-Service Agreement" (the "Agreement") on October 14, 2020, in which Orot agreed to pay Foundry a supply capacity fee of $2,500,000 and agreed to purchase from Foundry, for five years, monthly supplies of laboratory-manufactured diamonds. Foundry admits that, under the Agreement, the validity, interpretation and enforceability of the Agreement is to be governed and construed in all respects in accordance with the laws of the State of California without regard to principles of conflict of laws. Foundry admits that, under the Agreement, the Parties agreed to attempt to resolve any dispute, claim or controversy arising out of or relating to the Agreement by mediation, which shall be conducted under the then current mediation procedures of the CPR Institute for Conflict Prevention & Resolution or any other procedure upon which the Parties may agree. Foundry admits that, under the Agreement, the Parties agreed that their respective good faith participation in mediation is a condition precedent to pursuing any other available legal or equitable remedy, including litigation, arbitration or other dispute resolution procedures. To the extent that Paragraph 6 purports to describe or characterize the Agreement, the Agreement speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 and, on that basis, denies them.

7. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 7 and, on that basis, denies them.

8. To the extent that Paragraph 8 purports to describe or characterize the Israeli Complaint, the Israeli Complaint speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 and, on that basis, denies them.

9. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 9 and, on that basis, denies them.

10. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 10 and, on that basis, denies them.

11. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 11 and, on that basis, denies them.

12. Foundry denies that Foundry failed to file a statement of defense with the Israeli District Court within the time period under applicable Israeli procedural law. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 12 and, on that basis, denies them.

13. Foundry admits that on or about August 14, 2022, the Israeli District Court entered a default judgment for Plaintiffs and against Foundry (the "Israeli Default Judgment"). To the extent that Paragraph 13 purports to describe or characterize the Israeli Default Judgment, the Israeli Default Judgment speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 13 and, on that basis, denies them.

14. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 14 and, on that basis, denies them.

15. Foundry admits that after first submitting its statement of defense to the Israeli District Court on June 6, 2022, Foundry again submit its statement of defense on September 3, 2022. Foundry filed its statement of defense, translated into Hebrew, on September 28, 2022. To the extent that Paragraph 15 purports to describe or characterize Foundry's September 3, 2022 statement of defense, Foundry's September 3, 2022 statement of defense speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 and, on that basis, denies them.

16. Foundry admits that Herzog Fox & Neeman represented Foundry when Foundry filed a motion to set aside the Israeli Default Judgment on October 6, 2022. Foundry lacks

1 sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 and, on that basis, denies them.

17. Foundry admits that Plaintiffs and Foundry filed a joint stipulation for a stay of proceedings before the Israeli District Court on December 8, 2022. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 17 and, on that basis, denies them.

18. Foundry admits that Plaintiffs and Foundry engaged in a mediation in front of the Hon. Robert L. Dondero (Ret.) in San Francisco, California on May 3, 2023. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 18 and, on that basis, denies them.

19. Foundry admits that it retained the law firm Yigal Arnon as counsel in June 2023 and notified the Israeli District Court when it did so. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 19 and, on that basis, denies them.

20. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 20 and, on that basis, denies them.

21. Foundry admits that Plaintiffs and Foundry submitted a joint stipulation to the Israeli District Court on or around July 10, 2023. To the extent that Paragraph 21 purports to describe or characterize the July 10, 2023, joint stipulation, the July 10, 2023, joint stipulation speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 21 and, on that basis, denies them.

22. Foundry admits that Plaintiffs and Foundry submitted a joint notification to the Israeli District Court on or around August 17, 2023. To the extent that Paragraph 22 purports to describe or characterize the August 17, 2023, joint notification, the August 17, 2023, joint notification speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 22 and, on that basis, denies them.

23. Foundry admits that Foundry filed a reply in Israeli District Court to Plaintiffs' opposition to Foundry's October 2022 motion to set aside the Israeli Default Judgment. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 23 and, on that basis, denies them.

24. Foundry admits that an Israeli District Court proceeding was at one time scheduled for October 10, 2023, and then rescheduled. Foundry denies that a professional interpreter was present at the rescheduled Israeli District Court proceeding. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 and, on that basis, denies them.

25. Foundry admits that the October 10, 2023, Israeli District Court proceeding was continued following the events of October 7, 2023.

26. Foundry admits that Israeli District Court proceedings occurred on or about January 10, 2024, and on or about January 18, 2024. Foundry denies that any non-counsel representative of Foundry participated in the January 18, 2024, proceeding. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 26 and, on that basis, denies them.

27. To the extent that Paragraph 27 purports to describe or characterize the Israeli District Court's January 19, 2024, Decision, the Israeli District Court's January 19, 2024, Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 and, on that basis, denies them.

28. To the extent that Paragraph 28 purports to describe or characterize the Israeli District Court's January 19, 2024, Decision, the Israeli District Court's January 19, 2024, Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28 and, on that basis, denies them.

29. To the extent that Paragraph 29 purports to describe or characterize the Israeli District Court's January 19, 2024, Decision, the Israeli District Court's January 19, 2024,

1  Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as
2  to the truth or falsity of the remaining allegations in Paragraph 29 and, on that basis, denies
3  them.

4     30.    To the extent that Paragraph 30 purports to describe or characterize the Israeli
5  District Court's January 19, 2024, Decision, the Israeli District Court's January 19, 2024,
6  Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as
7  to the truth or falsity of the remaining allegations in Paragraph 30 and, on that basis, denies
8  them.

9     31.    Foundry admits that in February 2024, Foundry appealed the Israeli District
10 Court's January 19, 2024, Decision to the appellate division of the Israeli District Court and also
11 filed a motion to stay enforcement of the Israeli District Court's decision.

12     32.    To the extent that Paragraph 32 purports to describe or characterize the Israeli
13 Appellate Court's February 15, 2024, Decision, the Israeli Appellate Court's February 15, 2024,
14 Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as
15 to the truth or falsity of the remaining allegations in Paragraph 32 and, on that basis, denies
16 them.

17     33.    Foundry lacks sufficient information or knowledge to form a belief as to the truth
18 or falsity of the allegations of Paragraph 33 and, on that basis, denies them.

19     34.    To the extent that Paragraph 34 purports to describe or characterize the Israeli
20 Appellate Court's March 12, 2024, Decision, the Israeli Appellate Court's March 12, 2024,
21 Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as
22 to the truth or falsity of the remaining allegations in Paragraph 34 and, on that basis, denies
23 them.

24     35.    To the extent that Paragraph 35 purports to describe or characterize the Israeli
25 Appellate Court's March 12, 2024, Decision, the Israeli Appellate Court's March 12, 2024,
26 Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as
27 to the truth or falsity of the remaining allegations in Paragraph 35 and, on that basis, denies
28 them.

36. Foundry admits that it did not deposit with the Israeli District Court, in cash or letter of credit, NIS 3,000,000. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 and, on that basis, denies them.

37. To the extent that Paragraph 37 purports to describe or characterize the Israeli District Court's April 10, 2024, Decision, the Israeli District Court's April 10, 2024, Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37 and, on that basis, denies them.

38. To the extent that Paragraph 38 purports to describe or characterize the Israeli District Court's April 10, 2024, Decision, the Israeli District Court's April 10, 2024, Decision speaks for itself. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 38 and, on that basis, denies them.

39. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 39 and, on that basis, denies them.

40. Foundry admits that, as of the date of the filing of the Complaint, Foundry had not filed any challenge to the Israeli District Court's April 10, 2024, Decision in Israeli court. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40 and, on that basis, denies them.

41. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 41 and, on that basis, denies them.

**CLAIMS FOR RELIEF**

**First Claim for Relief**

**Domestication of Foreign Judgment**

**Pursuant to California Code of Civil Procedure Section 1713, *et seq*.**

42. Foundry incorporates by references its responses to Paragraphs 1 through 41 of the Complaint as if set forth fully here.

43. Foundry denies the allegations in Paragraph 43.

1  44. Foundry denies the allegations in Paragraph 44.

2  45. Foundry denies the allegations in Paragraph 45.

3  46. Foundry denies the allegations in Paragraph 46.

4  47. Foundry denies the allegations in Paragraph 47.

5  48. Foundry admits that it stated in Israeli court filings that Foundry had filed a Statement of Defense to the Israeli Complaint. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48 and, on that basis, denies them.

9  49. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 49 and, on that basis, denies them.

11  50. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 50, including a lack of information about which proceeding is being referenced, and, on that basis, denies them.

14  51. Foundry denies the allegations in Paragraph 51.

15  52. Foundry denies the allegations in Paragraph 52.

16  53. Foundry denies the allegations in Paragraph 53.

17  54. Foundry denies the allegations in Paragraph 54.

18  55. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 55 and, on that basis, denies them.

20  56. Foundry lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of Paragraph 56 and, on that basis, denies them.

22  57. Foundry denies the allegations in Paragraph 57.

**PRAYER FOR RELIEF**

Foundry denies that Plaintiffs are entitled to any recovery or relief in connection with the allegations set forth in the Complaint, including, but not limited to, the allegations set forth in the Prayer for Relief. Foundry demands the dismissal of the Complaint, its costs and expenses of this action, and such other relief that the Court may deem appropriate

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any elements of Plaintiffs' claim, and reserving the right to amend this Answer to assert any additional affirmative defenses if, in the course of its investigation, discovery, preparation for trial or otherwise, it becomes appropriate to assert such defenses, Foundry asserts the following affirmative defenses.

**First Affirmative Defense**

The Israeli District Court did not provide an impartial tribunal compatible with the requirements of due process of law. Therefore, the Court cannot recognize the Israeli Default Judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Second Affirmative Defense**

The Israeli District Court did not have personal jurisdiction over Foundry. Therefore, the Court cannot recognize the Israeli Default Judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Third Affirmative Defense**

Foundry did not receive notice of the Israeli District Court proceeding in sufficient time to enable Foundry to defend itself. Therefore, the Court cannot recognize the Israeli Default Judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Fourth Affirmative Defense**

The Israeli Default Judgment was obtained by fraud that deprived Foundry of an adequate opportunity to present its case. Therefore, the Court cannot recognize the Israeli District Court judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Fifth Affirmative Defense**

The Israeli Default Judgment is repugnant to the public policy of the State of California or of the United States. Therefore, the Court cannot recognize the Israeli Default Judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Sixth Affirmative Defense**

Plaintiffs initiated proceedings in Israeli District Court before mediating with Foundry in

contravention to the Agreement's pre-litigation mediation requirement. Therefore, the Court cannot recognize the Israeli Default Judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Seventh Affirmative Defense**

The Israeli District Court judgment was rendered in circumstances that raise substantial doubt about the integrity of the Israeli District Court with respect to the judgment. Therefore, the Court cannot recognize the Israeli District Court judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Eighth Affirmative Defense**

The proceedings leading to the Israeli District Court judgment were not compatible with the requirements of due process of law. Therefore, the Court cannot recognize the Israeli District Court judgment under California's Uniform Foreign-Country Money Judgments Recognition Act.

**Ninth Affirmative Defense**

Plaintiffs' claim is barred by the doctrine of waiver.

**Tenth Affirmative Defense**

Plaintiffs' claim is barred by the doctrine of offset.

**Eleventh Affirmative Defense**

Plaintiffs' claim is barred by the doctrine of estoppel.

**Twelfth Affirmative Defense**

Plaintiffs' claim is barred by the doctrine of unclean hands.

**Thirteenth Affirmative Defense**

Plaintiffs' claim is barred by Plaintiffs' failure to mitigate damages.

**RESERVATION OF RIGHTS**

Foundry asserts the foregoing Affirmative Defenses without the benefit of discovery from Plaintiffs. Foundry therefore reserves the right to supplement its Affirmative Defenses to the extent any additional defenses become available or apparent during the course of discovery. Foundry hereby reserves the right to amend its Answer and reserves all affirmative and other

defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

## COUNTERCLAIM

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant Diamond Foundry Inc. ("Foundry") hereby asserts the following Counterclaim against Plaintiff E.Y. Orot Assets Ltd. ("Orot") as follows:

### THE PARTIES

1.  Foundry is a corporation organized under the laws of the State of Delaware with its principal place of business in the City of South San Francisco, County of San Mateo, in the State of California.

2.  On information and belief, Orot is a company organized under the laws of the State of Israel with its principal place of business in the City of Tel Aviv, Israel.

### JURISDICTION AND VENUE

3.  Pursuant to Title 28, United States Code Section 1332, this Court has jurisdiction over this claim because Orot is a citizen of a foreign state and Foundry is a citizen of the State of California, and because the amount in controversy exceeds $75,000.

4.  Personal jurisdiction over Orot is proper because, *inter alia*, Orot has consented to the personal jurisdiction of this Court by commencing its action against Foundry in this judicial district.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(2) and (3) because the diamonds manufactured pursuant to Foundry and Orot's contract were manufactured in California, and Orot has consented to the personal jurisdiction of this Court by commencing its action against Foundry in this judicial district.

### NATURE OF THE ACTION

6.  Foundry incorporates by reference Paragraphs 1–57 of its foregoing Answer, and its foregoing Affirmative Defenses, as if fully pleaded herein.

7.  Foundry and Orot entered into an agreement entitled "Foundry-As-A-Service Agreement" (the "Agreement") [ECF No. 38] on October 14, 2020, in which Orot agreed to pay

Foundry a supply capacity fee of $2,500,000 and agreed to purchase from Foundry monthly supplies of laboratory-manufactured diamonds for five years.

8. Starting in or around June 2021, Orot refused to purchase the contractually mandated monthly offtakes of diamonds. Foundry continued to offer the contractually mandated offtakes of diamonds, but Orot refused to purchase the offtakes of diamonds in breach of the Agreement.

9. Each monthly offtake of diamonds is valued at amount at or over $100,000.

10. Orot and its purported business partner entity Omega Eco Diamonds Ltd. ("Omega") initiated proceedings against Foundry in the District Court of Tel Aviv of the State of Israel ("Israeli District Court") in or around March 2022, purporting to bring claims related to Agreement.

11. As a matter of fact and Israeli law, the Israeli District Court did not have personal jurisdiction over Foundry because Foundry is a California company with no ties to Israel and the diamonds manufactured pursuant to the Agreement were manufactured in California.

## COUNT 1

### Breach of Contract

12. Foundry repeats, realleges, and incorporates by reference its allegations in each of the foregoing paragraphs of its Counterclaim as if fully set forth herein.

13. Foundry and Orot entered into the Agreement on October 14, 2020, pursuant to which Orot agreed to purchase from Foundry, for five years, monthly supplies of laboratory-manufactured diamonds.

14. Foundry performed all of its obligations under the Agreement. The diamonds provided by Foundry to Orot met the standards specified in the Agreement, included what was agreed to regarding size, clarity, and color distribution.

15. Despite Foundry's full performance under the Agreement, Orot breached the Agreement in or around June 2021 by refusing to purchase the contractually mandated offtakes of diamonds for that month and then continued to refuse to purchase offtakes of diamonds over the coming months.

16. As a direct and proximate result of Orot's breach, Foundry has no further obligations under the Agreement and has no obligation to return the supply capacity fee of $2,500,000 or otherwise compensate Orot or Omega.

17. Further, as a direct and proximate result of Orot's breach, Foundry has been damaged in an amount no less than $1,184,075.

18. This Count for Breach of Contract has not been adjudicated previously in a court with personal jurisdiction over Foundry.

## PRAYER FOR RELIEF

**WHEREFORE,** Foundry denies that Plaintiffs' domestication action is valid under the Uniform Foreign-Country Money Judgments Recognition Act, asserts the Counterclaim of Breach of Contract against Orot, and respectfully requests that the Court:

a. Deny Plaintiffs' domestication action and enter judgment for Foundry;

b. Declare that Orot breached the Agreement and that Foundry has no obligation to return the supply capacity fee of $2,500,000 or otherwise compensate Orot or Omega;

c. Award Foundry no less than $1,184,075 in compensatory damages, plus interest and consequential damages;

d. Award to Foundry its costs and expenses incurred in defending this action and prosecuting the Counterclaim; and

e. Grant such other and further relief as the Court deems proper.

## RESERVATION OF RIGHT TO DEMAND JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Diamond Foundry Inc. reserves the right to serve a written demand for trial by jury within 14 days of the filing of this Answer, Affirmative Defenses, and Counterclaim.

\* \* \* \* \*

Dated: November 29, 2024

Respectfully submitted,

DLA PIPER LLP (US)

By: /s/ Jeffrey E. Tsai
JEFFREY E. TSAI
JAMES S. DAVIDSON

*Attorneys for Foundry*
*DIAMOND FOUNDRY INC.*

14

DEFENDANT DIAMOND FOUNDRY INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT AND COUNTERCLAIM
CASE NO. 3:24-CV-03836-TLT