Todd Pickles (SBN 215629)
Henry Stroud (SBN 342479)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
picklest@gtlaw.com
henry.stroud@gtlaw.com

Attorneys for Plaintiffs
E.Y. OROT ASSETS LTD. and
OMEGA ECO DIAMONDS LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:24-cv-03836-TLT<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM**<br><br>Date: February 25, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Trina L. Thompson<br>Courtroom: 9<br><br>Action Filed: June 26, 2024 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on February 25, 2025, at 2:00 p.m., or as soon thereafter as the matter may be heard, at the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Trina L. Thompson, Plaintiffs E.Y. Orot Assets Ltd. ("Orot") and Omega Eco Diamonds Ltd. ("Omega") (together, "Plaintiffs") will, and hereby do, move this court for an order dismissing Defendant Diamond Foundry Inc.'s ("Foundry") counterclaim in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs move to dismiss Foundry's single cause of action for Breach of Contract because Foundry's claim is precluded by the doctrine of res judicata. Foundry's claim is precluded because their Breach of Contract cause of action arises out of the same transaction or occurrence that was the subject of the underlying Israeli lawsuit, and because under California law, the final default judgment entered by the Israeli court constitutes a final judgment on the merits of Foundry's breach of the parties' agreement. Moreover, binding Ninth Circuit caselaw holds that a defendant in an action brought under California's Uniform Foreign-Country Money Judgments Recognition Act cannot bring a counterclaim that was or could have been properly brought in the underlying lawsuit. *See Bank of Montreal v. Kough*, 612 F.2d 467 (9th Cir. 1980).

Because Foundry's counterclaim is precluded by res judicata, this Court should **DISMISS** the Counterclaim in its entirety **WITH PREJUDICE**.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and records on file in this action, all matters of which this Court may take judicial notice, including but not limited to the Request for Judicial Notice filed concurrently with this Motion, and such other written and oral arguments as may be presented to this Court at a hearing on this matter.

//
//
//

|   |   |
|---|---|
| DATED: December 20, 2024 | Respectfully submitted,<br>GREENBERG TRAURIG, LLP<br><br>By: _____<br>TODD PICKLES<br>HENRY STROUD<br><br>Attorneys for Defendant<br>E.Y. OROT ASSETS LTD.<br>OMEGA ECO DIAMONDS LTD. |

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................1

II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY............................1

III. LEGAL STANDARD ..............................................................................................3

IV. ARGUMENT............................................................................................................4

    A. Res Judicata Precludes Relitigation of Final Judgments ...............................4

        1. Foundry's Crossclaim for Breach of Contract Seeks to Litigate the Same Cause of Action................................................................6

        2. The Israeli Final Judgment Is a Final Judgment on the Merits Subject to Res Judicata ........................................................................8

        3. The Parties Here Are Identical to Those in the Israeli Action..............9

    B. No Leave to Amend Should Be Granted.........................................................9

V. CONCLUSION.......................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Allen v. McCurry*,
    449 U.S. 90 (1980) ............................................................................................................4

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................................4, 7

*Baldwin v. Iowa State Traveling Men's Association*,
    283 U.S. 522 (1931) ...........................................................................................................7

*Bank of Montreal v. Kough*,
    612 F.2d 467 (9th Cir. 1980) ...........................................................................1, 5, 6, 8, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................3, 4

*Kendall v. Overseas Development Corp.*,
    700 F.2d 536 (9th Cir. 1983) .............................................................................................7

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .............................................................................................4

*In re Mann*,
    No. AP 18-90078-CL, 2020 WL 3071981 (B.A.P. 9th Cir. June 4, 2020) ....................8

*Moss v. United States Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) .............................................................................................3

*Palomar Mobilehome Park Ass'n v. City of San Marcos*,
    989 F.2d 362 (9th Cir. 1993) .............................................................................................4

*In re Rejuvi Laboratory, Inc.*,
    26 F.4th 1129 (2022) .........................................................................................................7

*Rutman Wine Co. v. E. & J. Gallo Winery*,
    829 F.2d 729 (9th Cir. 1987) .............................................................................................9

*San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*,
    568 F.3d 725 (9th Cir. 2009) .............................................................................................5

*Scott v. Kuhlmann*,
    746 F.2d 1377 (9th Cir. 1984) .......................................................................................3, 4

*In re Spilsbury*,
    No. ADV 11-90155-MM, 2011 WL 2471489 (Bankr. S.D. Cal. June 16, 2011) .........................................................................................................................8

*Starr v. Baca*,
    652 F.3d 1202 (9th Cir. 2011) ................................................................................................4

*UM Corp. v. Tsuburaya Prods. Co., Ltd.*,
    No. CV 15-03764-AB, 2017 WL 5983762 (C.D. Cal. Sept. 8, 2017),
    *aff'd*, 793 F. App'x 511 (9th Cir. 2019) ..................................................................................5

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) ................................................................................................4

**State Cases**

*Boeken v. Philip Morris USA, Inc.*,
    48 Cal. 4th 788 (2010) ............................................................................................................6

*Four Star Electric, Inc. v. F & H Construction*,
    7 Cal. App. 4th 1375 (1992) ...................................................................................................8

*Gottlieb v. Kest*,
    141 Cal. App. 4th 110 (2006) ............................................................................................8, 9

*Interinsurance Exchange of the Auto. Club v. Superior Court*,
    209 Cal. App. 3d 177 (1989) ..................................................................................................6

*Johnson v. City of Loma Linda*,
    24 Cal. 4th 61 (2000) ..............................................................................................................8

**State Statutes**

Cal. Civ. Proc. Code § 1713, *et seq.* ................................................................................................1

**Rules**

Fed. R. Civ. P. 12(b)(6)..........................................................................................................3, 4, 7

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

By its Counterclaim for Breach of Contract, defendant Diamond Foundry Inc. ("Foundry") seeks to relitigate a dispute that was finally resolved by the April 10, 2024 Final Judgment (the "Final Judgment") entered by the District Court of Tel Aviv of the State of Israel ("Israeli District Court"). Foundry's attempt to relitigate the merits of the underlying claim here is precluded by the doctrine of res judicata as affirmed by the Ninth Circuit in the binding and on-point case of *Bank of Montreal v. Kough*, 612 F.2d 467 (9th Cir. 1980), that establishes that it is improper to bring counterclaims under the California's Uniform Foreign-Country Money Judgments Recognition Act (the "Recognition Act") where the defendant seeks to relitigate the merits of a matter that is the subject of the foreign judgment, including a default judgment.

The only matter properly before the Court is whether domestication and enforcement of the Final Judgment is proper under the Recognition Act. Cal. Civ. Proc. Code § 1713, et seq. Any arguments as to the merits of the underlying claim could have, and should have, been litigated in the Israeli District Court. Because Foundry's counterclaim is precluded by res judicata under binding Ninth Circuit law, the Court should dismiss Foundry's single cause of action for Breach of Contract. Further, because there is no basis by which Foundry can avoid the preclusive effect of the Israeli Final Judgment, amendment is futile and the dismissal should be with prejudice.

### II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff E.Y. Orot Assets Ltd. ("Orot") and Foundry entered into a Foundry-As-A-Service Agreement ("Agreement") on October 14, 2020, by which Foundry was to provide Orot with laboratory-manufactured diamonds that satisfied certain agreed-upon quality criteria. (Counterclaim ¶ 7.)

On or about March 27, 2022, Orot and its partner, Plaintiff Omega Eco Diamonds Ltd. ("Omega" and with Orot, "Plaintiffs") filed a statement of claims, the procedural equivalent to a complaint (the "Israeli Complaint"), in the Israeli District Court, alleging

that Foundry breached the Agreement. (*Id.* ¶10; Request for Judicial Notice ("RJN") Ex. B). In the Israeli Complaint, Plaintiffs alleged that Foundry breached its agreement to provide Plaintiffs with laboratory-grown diamonds of the type and quality required by their Agreement. (*Id.* ¶ 14.)

On or about August 14, 2022, the Israeli District Court entered default judgment for Plaintiffs and against Foundry (the "Israeli Default Judgment") in the amount of 15,287,500.00 New Israeli Shekels ("NIS") plus interest from the date of the judgment, after Foundry failed to timely respond to the Israeli Complaint. (RJN Ex. D.) On or about October 6, 2022, Foundry, through its Israeli Counsel, appeared and filed a Motion to Vacate the Default Judgment; on January 19, 2024, the Israeli District Court issued its Order on Foundry's Motion to Vacate the Default Judgment (the "Default Judgment Order"). (RJN Ex. F.)

In the Default Judgment Order, the Israeli District Court noted that Foundry had failed to present adequate substantive defenses to Plaintiffs' claims. (*Id.* ¶ 15 ("It therefore appears that [Foundry's] application is flawed by failing to present any defense claim to the substance of the matter, that is, to the matter of the alleged defects in the diamonds.").) The Israeli District Court additionally noted that Foundry cursorily argued Plaintiffs had breached the Agreement but did not support that argument by affidavit as required by Israeli procedure. (*Id.* ¶ 16 ("[I]t was claimed in a laconic manner and without an explanation as to which remedy is contrary to the agreement. I will mention that none of these claims are supported by the affidavit.").) The Israeli District Court explained that a defense claim should have been raised in the application, as Foundry's Israeli counsel should have known. (*Id.* ¶ 19 ("The defendant was represented as part of the request to annul the verdict **by Israeli Attorneys**, but even then, they did not submit a legal affidavit, nor did they include any defense claims in the document attached to the request, which, as mentioned, is not verified. There is no explanation or justification for this, and it is a significant deliberative omission.") (emphasis added).) Notwithstanding these deficiencies, the Israeli District Court held that the Default Judgment would be vacated

provided Foundry issued a bond for 3,000,000 NIS (approximately one-fifth of the default judgment) for deposit with the court within thirty days. (*Id.* ¶ 20.)

After Foundry unsuccessfully appealed the Default Judgment Order and failed to comply with the Israeli District Court's terms for vacation of the Default Judgment, on or about April 10, 2024, the Israeli District Court issued the Final Judgment in Plaintiffs' favor. (RJN Ex. H.)

On June 26, 2024, Plaintiffs filed the Complaint seeking domestication of the Final Judgment pursuant to the Recognition Act. (ECF No. 1.) On August 29, 2024, Plaintiffs filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6). (ECF No. 20.) On November 14, 2024, the Court denied that Motion. (ECF No. 42.)

On November 29, 2024, Foundry filed its Answer and Affirmative Defenses to Complaint and Counterclaim. (ECF No. 47.) Foundry's single counterclaim for Breach of Contract is the subject of this motion.

In its Counterclaim, Foundry alleges that Orot breached the Agreement beginning in June 2021 when it "refused to purchase the [contractually mandated monthly] offtakes of diamonds." (Counterclaim ¶ 8.) Foundry further alleges that it fully performed its obligations under the Agreement. (*Id.* ¶ 15.) Finally, Foundry alleges that the "Count for Breach of Contract has not been adjudicated previously in a court with personal jurisdiction over Foundry." (*Id.* ¶ 18.)

### III. **LEGAL STANDARD**

A party may raise the defense of res judicata by way of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. A complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to survive a motion to dismiss under Rule 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) ("[B]are assertions… amounting to nothing

more than a 'formulaic recitation of the elements'" of a claim "are not entitled to an assumption of truth") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). The complaint must include "well-pleaded facts, not legal conclusions that 'plausibly give rise to an entitlement to relief.'" (citations omitted) *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (quoting *Twombly*, 55 U.S. at 570; *Iqbal*, 556 U.S. at 679).

Further, a plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but rather, it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Additionally, the Court must determine whether the pleading's "factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," (*Id.* at 678) such that "it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

A motion to dismiss predicated on res judicata is properly brought under rule 12(b)(6) where "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). Further, on a motion to dismiss, the Court may consider matters on which judicial notice can be taken, including court decisions. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. ARGUMENT

The Court should dismiss Foundry's Counterclaim because the claim is precluded under the doctrine of res judicata, including as applied through on-point Ninth Circuit case law.

### A. Res Judicata Precludes Relitigation of Final Judgments

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "California, as most states, recognizes that the doctrine of res judicata will bar not only those claims actually litigated in a prior proceeding, but also claims that could have been litigated." *Palomar Mobilehome Park*

*Ass'n v. City of San Marcos*, 989 F.2d 362, 364 (9th Cir. 1993). Under California law, a claim is barred by res judicata if three requirements are met: "1) the second lawsuit must involve the same 'cause of action' as the first one; 2) there must have been a final judgment on the merits in the first lawsuit; and 3) the party to be precluded must itself have been a party, or in privity with a party, to that first lawsuit." *San Diego Police Officers' Ass'n v. San Diego City Employees' Retirement Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) (citation omitted).[1]

Further, the Ninth Circuit in *Bank of Montreal v. Kough,* 612 F.2d 467 (9th Cir. 1980), has held that res judicata bars a defendant from pursuing counterclaims that are "intimately intertwined" with a foreign default judgment that is the subject to a claim under the Recognition Act. *Id.* at 472. In *Kough*, the plaintiff filed a lawsuit under the Recognition Act for recognition of a default judgment entered in plaintiff's favor against defendant by a court in British Columbia. It moved for summary judgment on its as well as against the defendant's counterclaim. The district court granted plaintiff's motion for summary judgment, finding that recognition was proper, and that defendant's counterclaim was precluded by res judicata.

The Ninth Circuit affirmed the district court's grant of summary judgment, finding that "all of appellant's counterclaims were so intimately intertwined with plaintiff's cause of action" that they were precluded by res judicata. *Id*. at 472. The court of appeals rejected defendant's argument that default judgments "should be limited to the issues actually and necessarily adjudicated . . ." *Id*. at 473. Further, the Ninth Circuit explained that the plaintiff was "not attempting to rely for its recovery on collateral estoppel of another judgment, but is relying on the same and only judgment it obtained in British Columbia." *Id*. As the court in *Kough* explained, ***"[t]o allow the defenses that [defendant] now seeks to raise in the guise of counterclaims would undercut the validity of the judgment against***

---

[1] A federal court resolving a matter based upon the diversity of the parties typically applies the preclusion law of the forum in which it sits. *See, e.g.*, *UM Corp. v. Tsuburaya Prods. Co., Ltd.*, No. CV 15-03764-AB (AJWx), 2017 WL 5983762, at *4 (C.D. Cal. Sept. 8, 2017), *aff'd*, 793 F. App'x 511 (9th Cir. 2019).

***him, and permit him to relitigate the case De novo***. Therefore the counterclaims were properly dismissed." *Id*. (emphasis added). Because *Kough* is factually indistinguishable and binding on this Court, the Court should dismiss Foundry's counterclaim.[2]

### 1. Foundry's Crossclaim for Breach of Contract Seeks to Litigate the Same Cause of Action

For the purposes of res judicata, "the phrase 'cause of action' has a [] precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010). "If the matter was within the scope of the action, related to the subject-matter and relevant to the issues, ***so that it could have been raised***, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." *Interinsurance Exchange of the Auto. Club v. Superior Court*, 209 Cal. App. 3d 177, 181-82 (1989) (emphasis added).

In the Israeli Complaint, Plaintiffs alleged that Foundry failed to provide diamonds of the quality envisioned by the Agreement, and that Foundry's termination of the Agreement was entirely dependent on this failure. (RJN, Ex. B ¶ 18.) Here, by its counterclaim, Foundry counter-alleges that beginning in June 2021, "Orot refused to purchase the contractually mandated monthly offtakes of diamonds." (Counterclaim ¶ 8.) Additionally, Foundry alleges that "[t]he diamonds provided by Foundry to Orot met the standards specified in the Agreement, included [sic] what was agreed to regarding size, clarity, and color distribution." (*Id.* ¶ 14.) Accordingly, Foundry requests that the Court "[d]eclare that Orot breached the Agreement and that Foundry has no obligation to return the supply capacity fee of $2,500,000 or otherwise compensate Orot or Omega" in direct contradiction of the Israeli Final Judgment. (*Id.*, Prayer for Relief, ¶ b.)

There can be no debate that the allegations and claims in Foundry's counterclaim are facially "relevant to the issues" raised in the Israeli Complaint. Indeed, Foundry's

---

[2] Although *Kough* was resolved on summary judgment, given the allegations in Foundry's counterclaim and the documents of which the Court can take judicial notice, the Court can and should resolve the issue of Foundry's counterclaim on this Rule 12(b)(6) motion.

counterclaim is effectively the mirror opposite of Plaintiff's Israeli Complaint. Further, Foundry did present the defense upon which it bases its counterclaim in the Israeli action— *i.e.*, its allegations that it fully performed under the Agreement, that the diamonds provided by Foundry met the standards specified in the Agreement, and that Orot breached the Agreement by failing to continue purchasing the diamonds after June 2021—although, as the Israeli District Court noted, Foundry did so in a conclusory and procedurally improper manner. (RJN, Ex. F ¶ 16 ("[I]t was claimed in a laconic manner and without an explanation as to which remedy is contrary to the agreement. I will mention that none of these claims are supported by the affidavit"); *see also* ¶ 19 ("The defendant was represented as part of the request to annul the verdict **by Israeli Attorneys**, but even then, they did not submit a legal affidavit, nor did they include any defense claims in the document attached to the request, which, as mentioned, is not verified. There is no explanation or justification for this, and it is a significant deliberative omission.") (emphasis added).)

      Similarly, in its counterclaim, Foundry makes the bald legal conclusion that its "Count for Breach of Contract has not been adjudicated previously in a court with personal jurisdiction over Foundry." (Counterclaim ¶ 18.) For purpose of Rule 12(b)(6), a legal conclusion is not presumed true or otherwise is not considered by the Court. *Iqbal*, *supra*, 556 U.S. at 664. Moreover, personal jurisdiction is subject to res judicata just the same as any other issue. *Kendall v. Overseas Development Corp.*, 700 F.2d 536, 538 (9th Cir. 1983) (citing *Baldwin v. Iowa State Traveling Men's Association*, 283 U.S. 522, 525-26 (1931) ("It is well settled that the principles of *res judicata* apply to the issue of *in personam* jurisdiction in the same manner as any other issue."). Foundry waived its right to argue the Israeli District Court lacked personal jurisdiction by voluntarily appearing to argue that default was improperly entered and never having argued, or even reserved its right to argue, that it disputed the Israeli court's jurisdiction over it. *In re Rejuvi Laboratory, Inc.*, 26 F.4th 1129, 1134 (2022) ("We hold that the South Australian district court's default judgment against Rejuvi is enforceable under the [Recognition] Act, on the

ground that Rejuvi waived its personal jurisdiction challenge by voluntarily appearing in South Australian district court in its attempt to set aside the default judgment.").)  Thus, the entirety of Foundry's counterclaim seeks to litigate matters that are the subject of the claims and issues resolved in the Israeli Final Judgment.

### 2. The Israeli Final Judgment Is a Final Judgment on the Merits Subject to Res Judicata

A judgment is final on the merits for the purposes of res judicata "if the substance of the claim is tried and determined." *Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 77 (2000).  In California, a default judgment constitutes a final judgment on the merits as to "the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment …." *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 149 (2006) (quoting *Four Star Electric, Inc. v. F & H Construction*, 7 Cal. App. 4th 1375, 1380 (1992)); *see also In re Mann*, No. AP 18-90078-CL, 2020 WL 3071981, at *5 (B.A.P. 9th Cir. June 4, 2020) ("California law accords preclusive effect to default judgments"); *In re Spilsbury*, No. ADV 11-90155-MM, 2011 WL 2471489, at *3 (Bankr. S.D. Cal. June 16, 2011) (applying California collateral estoppel law based upon default judgment).

In the Israeli Complaint, Plaintiffs alleged that Foundry failed to provide diamonds of the quality envisioned by the Agreement, and that Foundry's termination of the Agreement was entirely dependent on this failure.  (RJN Ex. B ¶ 18.)  For purpose of res judicata, these allegations have been finally adjudicated as "true" to support the Default Judgment.  Because the Default Judgment was predicated on a complaint containing the precise allegations that Foundry now attempts to contradict, and because Foundry did or should have presented these same claims in the Israeli District Court, the Default Judgment and resulting Final Judgment constitute a final judgment on the merits subject to res judicata.

Further, the Court in *Kough* explained that it is improper to allow a counterclaim to proceed where the result is litigating de novo a matter resolved in the foreign jurisdiction. *Kough*, 612 F.2d at 473.  Importantly, that principle applies to default judgments to the

same force and effect as a matter resolved after trial or contested hearing. *Id*. To hold otherwise would be render the Recognition Act a nullity when it comes to default judgments, as any defendant could simply skirt around the Act by raising a counterclaim that seeks to litigate the very matter on which the default judgment was premised. The fact that the State of California did not carve out an exception for default judgments demonstrates that the Recognition Act applies equally to them. Regardless, *Kough* itself compels application of res judicata to Foundry's counterclaim as the Ninth Circuit definitely held that a party cannot seek to relitigate a default judgment by way of a counterclaim that is "intimately intertwined" with the default judgment that is subject of a claim under the Act. *Id*. at 472. That is precisely what Foundry seeks to do here.

### 3. The Parties Here Are Identical to Those in the Israeli Action

For res judicata to apply, the party against whom res judicata is being employed must have been a party to, or in privity with, a party to the first lawsuit. *Gottlieb v. Kest*, 141 Cal. App. 4th 110, 150 (2006). The privity requirement is a requirement of due process of law. *Id.* All three parties in the instant action were parties to the Israeli action as well. (RJN Ex. B.) Thus, all three requirements for res judicata apply, and the Court should find that Foundry's counterclaim is precluded by res judicata. Accordingly, the principles of res judicata, including as applied in *Kough,* preclude Foundry from pursuing its counterclaims in response to Plaintiffs' complaint to recognize the Final Israeli Judgment.

## B. No Leave to Amend Should Be Granted

Where leave to amend is futile, the Court should grant a motion to dismiss with prejudice. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987). Here, given the binding application of res judicata to the Israeli Final Judgment, and binding application of *Kough* to this case, Foundry cannot assert a counterclaim relating to the Israeli Final Judgment. Thus, leave to amend Foundry's counterclaim would be futile and so it must be dismissed with prejudice. Once done, the Court can then expeditiously proceed to resolving the single issue of recognition of the Israeli Final Judgment under the Recognition Act.

**V.     CONCLUSION**

The Court should dismiss Foundry's counterclaim with prejudice.

Respectfully submitted,

DATED: December 20, 2024            GREENBERG TRAURIG, LLP

By:_____
TODD PICKLES
HENRY STROUD

Attorneys for Defendant
E.Y. OROT ASSETS LTD.
OMEGA ECO DIAMONDS LTD.