**DLA PIPER LLP (US)**
JEFFREY E. TSAI (SBN 226081)
*jeff.tsai@us.dlapiper.com*
JAMES S. DAVIDSON (SBN 347622))
*jamie.davidson@us.dlapiper.com*
555 Mission Street, Suite 2400
San Francisco, California 94105-2933
Telephone:    415.836.2500
Facsimile:    415.836.2501

*Attorneys for Defendant/Counterclaimant*
*DIAMOND FOUNDRY INC.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-03836-TLT<br><br>**DEFENDANT AND COUNTERCLAIMANT DIAMOND FOUNDRY INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM**<br><br>Date:    February 25, 2025<br>Time:    2:00 p.m.<br>Judge:   Hon. Trina L. Thompson<br>Courtroom:  9<br><br>Action Filed: June 26, 2024<br>Trial Date:   February 9, 2026 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant and Counterclaimant DIAMOND FOUNDRY INC. ("Foundry") hereby requests the Court to take judicial notice of the following documents in connection with Foundry's Opposition to Plaintiffs' Motion to Dismiss Foundry's Counterclaim pursuant to Federal Rule of Evidence ("FRE") 201. Those documents are:

(1) Articles 166-169 of the 2018 Israeli Civil Procedure Regulations. A true and accurate copy of the original Hebrew version of Articles 166-169 of the 2018 Israeli Civil Procedure Regulations is attached as **Ex. A** to Declaration of James S. Davidson in Support of Request for Judicial Notice ("Davidson Decl."). An accurate, true and correct English translation of Articles 166-169 of the 2018 Israeli Civil Procedure Regulations is attached as Davidson Decl., **Ex. B**. The certification of translation of Articles 166-169 of the 2018 Israeli Civil Procedure Regulations from Hebrew to English is attached as Davidson Decl., **Ex. C**.

(2) CA 8195/02 Sheetrit v. Sharp Corporation, PD 58(1) 193 (2003) (Isr.). A true and accurate copy of the original Hebrew version of CA 8195/02 Sheetrit v. Sharp Corporation, PD 58(1) 193 (2003) (Isr.) is attached as Davidson Decl., **Ex. D**. An accurate, true and correct English translation of CA 8195/02 Sheetrit v. Sharp Corporation, PD 58(1) 193 (2003) (Isr.) is attached as Davidson Decl., **Ex. E**. The certification of translation of CA 8195/02 Sheetrit v. Sharp Corporation, PD 58(1) 193 (2003) (Isr.) from Hebrew to English is attached as Davidson Decl., **Ex. F**.

## I.     LEGAL STANDARD FOR REQUEST FOR JUDICIAL NOTICE

FRE 201 provides that the Court may take judicial notice of matters of public record that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Taking judicial notice of such facts does not convert a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. See Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1998).

## II. THE COURT SHOULD TAKE JUDICIAL NOTICE OF FAITHFULLY TRANSLATED ISRAELI AUTHORITY

The Court should take judicial notice of Articles 166-169 of the 2018 Israeli Civil Procedure Regulations and CA 8195/02 Sheetrit v. Sharp Corporation, PD 58(1) 193 (2003) (Isr.), as translated into English by certified translation. "[I]t is appropriate" for courts to consider "relevant sources on foreign laws" when pertinent to the case. Lopez v. Inter-Con Sec. Sys., Inc., No. 2:22-CV-09080-CAS (EX), 2024 WL 4839792, at *4 (C.D. Cal. Nov. 18, 2024) (taking judicial notice of article from the Honduran Labor Code). Further, in BCS Bus. Consulting Servs. Pet. Ltd. v. Baker, Case No. 19-cv-06914, 2024 WL 4848789 (C.D. Cal. Nov. 4, 2024), the court held that it was appropriate to take judicial notice of "'court filings and other matters of public record'" because those sources' "accuracy cannot reasonably be questioned for the purposes of the Federal Rules of Evidence." *Id.* at *6 (citation omitted).

Here, the Court should take judicial notice of Exhibits A, B, D, and E because Articles 166-169 of the 2018 Israeli Civil Procedure Regulations and CA 8195/02 Sheetrit v. Sharp Corporation, PD 58(1) 193 (2003) (Isr.) are matters of public record whose accuracy cannot reasonably be questioned.

## III. CONCLUSION

For the reasons stated above, the Court should take judicial notice of Exhibits A, B, D, and E.

Dated: January 10, 2025         DLA PIPER LLP (US)

                                       By: */s/ Jeffrey E. Tsai*
                                                     JEFFREY E. TSAI
                                                     JAMES S. DAVIDSON

                                             *Attorneys for Defendant*
                                             DIAMOND FOUNDRY INC.