# EXHIBIT D

רשות ערעור אזרחי 02 / 8195

א    אלעד שיטרית
     נגד
     Sharp Corporation

ב    בבית־המשפט העליון

[24.8.2003]

לפני השופט א׳ ריבלין

ג
המבקש הגיש נגד המשיבה תביעה בגין נזקי גוף שנגרמו לו כתוצאה מחשיפה לחומרים רעילים שנפלטו ממכשיר הטלוויזיה שייצרה המשיבה בחוץ־לארץ ושנרכש בישראל. במסגרת התביעה עתר המבקש למתן היתר המצאה של כתב־התביעה אל מחוץ לתחום השיפוט, לפי תקנה 500 לתקנות סדר הדין האזרחי, תשמ״ד-1984 (להלן – התקנות). רשמת בית־המשפט המחוזי נענתה לבקשת המבקש תוך שהתבססה על תקנה 500(7) לתקנות, אולם בית־המשפט המחוזי קיבל את
ד    ערעורה של המשיבה וביטל את החלטתה. מכאן בקשת הרשות לערער.

בית־המשפט העליון פסק:
(1) אין די בקרות הנזק בישראל על־מנת שתקום עילה למתן היתר המצאה אל מחוץ לתחום
    המדינה מכוח תקנה 500(7) לתקנות, המתירה המצאה אל מחוץ לתחום מקום שבו
ה    מבוססת התובענה על מעשה או על מחדל שאירעו בתחום המדינה (194ה, 195ג).
(2) במקרה דנן אין לראות במעשה או במחדליה של המשיבה בייצור מכשירי הטלוויזיה או
    בשיווקם משום מעשה או מחדל שנעשו בישראל, ועל־כן אין תחולה לתקנה 500(7)
    לתקנות (195ד – ה).

ו    חקיקת משנה שאוזכרה:
–  תקנות סדר הדין האזרחי, תשמ״ד-1984, תקנות 500, 500(4), 500(5), 500(7).

פסקי־דין של בית־המשפט העליון שאוזכרו:
[1]  ע״א 565/77 מזרחי נ׳ Nobel's Explosives Co. Ltd, פ״ד לב(2) 115.
ז    [2]  רע״א 516/00 Allison Engine Co. Inc. נ׳ אלטר (לא פורסם).
[3]  רע״א 2752/03 Metallurgique de Gerzat S.A נ׳ וילנסקי, פ״ד נז(6) 145.

| | |
|---|---|
| רע"א 8195/02 | שיטרית נ' Sharp Corporation |
| פ"ד נח(1) 193 | השופט א' ריבלין |

א  בקשת רשות ערעור על פסק-דינו של בית-המשפט המחוזי בתל-אביב-יפו (השופטת ה' גרסטל) מיום 21.8.2002 בע"א 1649/02 שבו נתקבל ערעור על פסק-דינה של רשמת בית-המשפט המחוזי (השופטת י' שיצר) מיום 10.3.2002 בת"א 1346/96 (בש"א 13656/01). הבקשה נדחתה.

ב  משה קפלנסקי – בשם המבקש;
חנינא ברנדס, פנינה ברודר, אשר עסיס – בשם המשיבה.

## החלטה

ג  1.   זוהי בקשת רשות ערעור על החלטתו של בית-המשפט המחוזי בתל-אביב-יפו (כבוד השופטת ה' גרסטל), שקיבל את ערעורה של המשיבה וביטל את החלטתה של רשמת בית-המשפט המחוזי להתיר למבקש להמציא כתב-התביעה כנגד המשיבה אל מחוץ לגבולות המדינה.

ד  המשיבה – Sharp Corporation – היא חברה זרה שעיסוקה ייצור מכשירי חשמל ושיווקם (להלן – החברה). המבקש הגיש כנגד המשיבה תובענה בשל נזק גוף שהוסבו לו כתוצאה מחשיפה לחומרים רעילים שנפלטו ממכשיר טלוויזיה מתוצרת החברה, שרכש בישראל. כן עתר למתן היתר המצאה של כתב-התביעה אל מחוץ לתחום השיפוט, לפי תקנה 500 לתקנות סדר הדין האזרחי, תשמ"ד-1984 (להלן – התקנות).
ה  רשמת בית-המשפט נעתרה לבקשה. כבוד הרשמת סמכה ידה על תקנה 500(7), המתירה המצאה אל מחוץ לתחום המדינה מקום שמבוססת בו התובענה על מעשה או על מחדל שאירעו בתחום המדינה אף שייצור מכשיר הטלוויזיה נעשה כולו בחוץ-לארץ. כבוד הרשמת ציינה כי לאור ההתפתחויות באורחות המסחר הבין-לאומי ראוי
ו  ליתן לסדרי הדין פרשנות שתחייב יצרן זר לפצות צרכן מקומי על נזק שנגרם לו עקב מוצר פגום מתוצרתו. הרשמת פסקה כי היה על החברה לנקוט בישראל שורה של אמצעי זהירות על-מנת לצמצם את הסכנות הנובעות מן השימוש במכשיר. בין היתר, הייתה החברה צריכה – כך קבעה הרשמת – לבצע בדיקות איכות בהתאם לתקן הישראלי; לצרף הוראות שימוש במכשיר; לפרסם אזהרה באמצעי התקשורת ואף
ז  לאסוף חזרה את מכשירי הטלוויזיה. הימנעותה מלנקוט את הצעדים האלה היא, כך פסקה הרשמת, מחדל שנעשה בתחומי ישראל המקים עילה למתן היתר המצאה אל מחוץ לתחום המדינה.

| | |
|---|---|
| רע"א 8195/02 | שיטרית נ' Sharp Corporation |
| פ"ד נח(1) 193 | השופט א' ריבלין |

א   על החלטתה של כבוד הרשמת הגישה החברה ערעור בבית-המשפט המחוזי. בית-משפט קמא (כבוד השופטת ה' גרסטל) פסק כי הוראת תקנה 500(7) לתקנות אינה מאפשרת מתן היתר המצאה מקום שבו אך הנזק אירע במדינת ישראל, ואילו המעשה או המחדל שגרמו לנזק אירעו בחוץ-לארץ. בית-המשפט הוסיף וקבע כי המבקש לא הניח תשתית מספקת להתרשלות לכאורה של החברה בנוגע לשיווק המוצר בישראל או למעשה או מחדל אחר מצד החברה. כיוון שכך, פסק כי תקנה 500(7) אינה חלה בנסיבות העניין וקיבל את הערעור. על החלטה זו משיג המבקש בבקשת רשות הערעור

ב   שבפניי.

2.   לאחר שבחנתי את טענות הצדדים החלטתי כי דין הבקשה להידחות. כפי שקבע בית-משפט קמא, לא די בקרות נזק בישראל על-מנת שתקום עילה למתן היתר

ג   המצאה אל מחוץ לתחום המדינה מכוח תקנה 500(7) לתקנות. פרשנות זו, השוללת את תחולתה של תקנה 500(7) בהיעדר מעשה או מחדל שאירעו בישראל, אומצה על-ידי בית-המשפט העליון בע"א 565/77 מזרחי נ' Nobel's Explosives Co. Ltd. [1], ואף שההלכה זכתה לביקורת, נותרה היא על כנה ולא שונתה לא על-ידי מחוקק המשנה ולא על-ידי בית המשפט זה (ראו למשל רע"א 516/00 Allison Engine Co. Inc. נ' אלטר [2]).

ד   מאחר שאין לראות במעשיה או במחדליה של החברה בייצור מכשירי הטלוויזיה או בשיווקם משום מעשה או מחדל שנעשו בישראל (ראו לעניין זה רע"א 2752/03 Metallurgique de Gerzat S.A. נ' וילנסקי [3]), אין תקומה לתקנה 500(7). המקרה שבפניי גם אינו בא בגדר הוראות תקנות 500(4) או 500(5). משכך, בדין פסק בית-

ה   משפט קמא כי לא היה מקום להתיר את המצאת כתב-התביעה אל מחוץ לגבולות המדינה. התוצאה היא אפוא שדין הבקשה להידחות. הבקשה נדחית. המבקש יישא בהוצאות המשיבה בסכום של 10,000 ש"ח.

ניתנה היום, כ"ו באב תשס"ג (24.8.2003).

ו

ז

נבו הוצאה לאור בע"מ   nevo.co.il   המאגר המשפטי הישראלי
C:\Users\jd46126\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\GX779YBF\Elad Shitrit.doc

| | |
|---|---|
| רע"א 8195/02 | שיטרית נ' Sharp Corporation |
| פ"ד נח(1) 193 | השופט א' ריבלין |

מיני-רציו:

א

\* דיון אזרחי – המצאת כתבי־בי־דין – מחוץ לתחום השיפוט

לפי תקנה 500(7) לתקנות סדר הדין האזרחי, תשמ"ד-1984 – האם די בקרות הנזק בישראל על-מנת שתקום עילה לפי תקנה זו.

ב

הודעה למנויים על עריכה ושינויים במסמכי פסיקה, חקיקה ועוד באתר נבו - הקש כאן

ג

ד

ה

ו

ז

נבו הוצאה לאור בע"מ  nevo.co.il  המאגר המשפטי הישראלי
C:\Users\jd46126\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\GX779YBF\Elad Shitrit.doc