# EXHIBIT E

**Leave to Civil Appeal 8195/02**

*Elad Sheetrit*
*v.*
*Sharp Corporation*

In the Supreme Court
[August 24, 2003]
**Before Justice E. Rivlin**

The Applicant filed a claim against the Respondent for bodily injuries he suffered as a result of exposure to toxic substances emitted from a television set manufactured overseas by the Respondent, which was purchased in Israel. In the claim, the Applicant petitioned for leave to service of the statement of claim out of bounds, pursuant to Article 500 of the Civil Procedure Regulations, 5784-1984 (hereinafter – the Regulations). The District Court recorder granted the Applicant's application based on Article 500(7) of the Regulations. However, the District Court accepted the Respondent's appeal and overturned her decision. Hence the motion for leave to appeal.

The Supreme Court ruled as follows:

(1) The occurrence of the injury in Israel is not a sufficient ground to establish a cause for granting leave to service out of bounds by virtue of Article 500(7) of the Regulations, which permits service out of bounds to the location where the lawsuit is based on grounds of an act or omission that took place within bounds.

(2) In the present case, the Respondent's acts or omissions in manufacturing the television sets or marketing them cannot be deemed to be acts or omissions committed in Israel. Hence, Article 500(7) of the Regulations (195D – E) does not apply.

Secondary legislation cited:

–   Civil Procedure Regulations, 5748-1984, Articles 500, 500(4), 500(5), 500(7).

Supreme Court judgments cited:

[1]   CA 565/77 *Mizrahi v. Nobel's Explosives Co Ltd*, PD 32(2) 115

[2]   LCA 516/00 *Allison Engine Co Inc v. Alter* (unpublished).

[3]   LCA 2752/03 *Metallurgique de Gerzat S.A. v. Wilensky*, PD 57(6) 145

LCA 8195/02                                                          *Sheetrit v. Sharp Corporation*
PD 58(1) 193                                                                      Justice E. Rivlin

Leave to Civil Appeal on the judgment of the Tel Aviv-Yaffo District Court
(Judge H. Gerstel) dated August 21, 2002 in CA 1649/02, in which an appeal was
accepted against the judgment of the District Court recorder (Judge Y. Schitzer)
dated March 10, 2002 in CC 1346/96 (Additional Civil Motions) 13656/01). The
motion was denied.

Moshe Kaplansky – counsel to the Applicant;

Hanina Brandes, Pnina Broder, Asher Assis – counsel to the Respondent.


# DECISION

1.   This is a motion for leave to appeal the decision of the Tel Aviv-Yaffo
District Court (Honorable Judge H. Gerstel), which accepted the Respondent's
appeal and overturned the decision of the District Court recorder to permit the
applicant to serve the statement of claim against the Respondent out of bounds.

   The Respondent – Sharp Corporation – is a foreign company engaged in the
manufacture and marketing of electrical appliances (hereinafter – the Company).
The Applicant filed a lawsuit against the Respondent for bodily injuries suffered
by him as a result of exposure to toxic substances emitted from a television set
manufactured by the Company, which he purchased in Israel. He also petitioned
leave to service of the statement of claim outside the jurisdiction, pursuant to
Article 500 of the Civil Procedure Regulations, 5784-1984 (hereinafter – the
Regulations). The District Court recorder granted the motion. The honorable
recorder relied on Article 500(7), which permits service outside the territory of
Israel where the claim is based on an act or omission that occurred within the
territory of Israel, even though the television set was manufactured entirely
overseas. The recorder noted that in view of developments in international trade
practices, it is appropriate to interpret the Regulations in a manner that would
require a foreign manufacturer to compensate a domestic consumer for damage
caused to him due to a defective product it manufactured. The recorder ruled that
the Company should have taken a series of precautionary measures in Israel in
order to reduce the dangers arising from the use of the device. Among other
things, the recorder determined that the Company should have performed quality
tests according to the Israeli standard; attached operation instructions; published a
warning in the media and even to recall and collect the television sets. Its failure
to take these steps is, according to the registrar, an omission committed within
Israel that establishes grounds for granting a leave to service out of bounds.

[filename]

The Company appealed the decision of the recorder to the District Court. The lower court (Honorable Judge H. Gerstel) ruled that the provision of Article 500(7) of the Regulations does not allow for granting leave to service where only the damage occurred in the State of Israel while the act or omission that caused the damage occurred abroad. The Court further determined that the Applicant did not provide a sufficient prima facie [evidentiary] foundation for the Company's negligence regarding the marketing of the product in Israel or for another act or omission on the part of the Company. Accordingly, it ruled that Article 500(7) of the Regulations does not apply in the circumstances of the case and accepted the appeal. The Applicant is appealing against this decision in the motion for leave to appeal before me.

2.    After examining the arguments of the parties, I have decided that the motion should be denied. As the lower court determined, the occurrence of the damage in Israel is not sufficient for establishing grounds for granting leave to service out of bounds by virtue of Article 500(7) of the Regulations. This interpretation, which denies the application of Article 500(7) in the absence of an act or omission that occurred in Israel, was adopted by the Supreme Court in CA 565/77 *Mizrahi v. Nobel's Explosives Co Ltd* [1], and although the ruling was criticized, it remained intact and was not changed either by the secondary legislature [the regulator] or by this court (see, for example, LCA 516/00 *Allison Engine Co Inc v. Alter* [2]). As the Company's actions or omissions in the manufacture or marketing of television sets cannot be deemed an act or omission committed in Israel (see on this LCA 2752/03 *Metallurgique de Gerzat S.A. v. Wilensky* [3]), Article Regulation 500(7) cannot be invoked. The case before me also does not fall within the scope of the provisions of Articles 500(4) or 500(5). Thus, the lower court was correct to rule that there was no reason to permit the service of the statement of claim out of bounds. The result is therefore that the motion ought to be dismissed. The motion is dismissed. The Applicant shall bear the Respondent's costs in the amount of ILS 10,000.

Granted today, 26 Av 5763 (August 24, 2003).

Nevo Publishing – nevo.co.il – Israel's Legal Depository

[filename]

LCA 8195/02                                          *Sheetrit v. Sharp Corporation*
PD 58(1) 193                                                      Justice E. Rivlin

**Mini-Ratio:**

[Translator's note: In the Israeli legal system, a "mini-ratio" is a legal principle derived from a court ruling. Unlike the *ratio decidendi*, which is binding as precedent, a mini-ratio is not binding. However, it offers persuasive guidance for interpreting the *ratio decidendi* and applying it to similar cases.]

* Civil hearing – Service of Court Document – Out of Bounds

According to Article 500(7) of the Civil Procedure Regulations,  5784-1984 – Is the occurrence of the damage caused in Israel sufficient for establishing a cause of action under this regulation?

To receive subscriber notifications about editing and changes to case law, legislation and more on the Nevo Website – click here