Todd Pickles (SBN 215629)
Henry Stroud (SBN 342479)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: (916) 442-1111
Facsimile: (916) 448-1709
picklest@gtlaw.com
henry.stroud@gtlaw.com

Attorneys for Plaintiffs/Counter-Defendants
E.Y. OROT ASSETS LTD. and
OMEGA ECO DIAMONDS LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>Plaintiffs,<br><br>v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>Defendant. | CASE NO.: 3:24-cv-03836-TLT<br><br>**RESPONSE TO COURT'S JANUARY 15, 2025, ORDER REQUESTING INFORMATION RE: AMENDMENTS TO THE COMPLAINT** |

On January 15, 2025, Plaintiffs E.Y. Orot Assets Ltd. and Omega Eco Diamonds Ltd. ("Plaintiffs") and Defendant Diamond Foundry Inc. ("Foundry") filed a stipulation for Plaintiffs to amend the Complaint. (ECF No. 58.) Also on January 15, 2025, the Court issued an order requesting that the parties list the amendments that Plaintiffs seek to make to the original Complaint and provide a redlined copy of the Complaint. (ECF No. 59.)

Plaintiffs seek to make only one substantive amendment to the Complaint at Paragraph 11 by changing the date of service of the Israeli Complaint:

<u>Complaint ¶ 11</u>: On or about July 6, 2021, the Plaintiffs duly served upon Foundry a professionally translated copy of the Israeli Complaint in accordance with the relevant rules and requirements of the Israeli District Court for extraterritorial service of process.

<u>Proposed First Amended Complaint ¶ 11</u>: On or about May 11, 2022, the Plaintiffs duly served upon Foundry a professionally translated copy of the Israeli Complaint in accordance with the relevant rules and requirements of the Israeli District Court for extraterritorial service of process.

Attached hereto as **Exhibit A** is a redlined copy of the proposed First Amended Complaint.

Respectfully submitted,

DATED: January 16, 2025          GREENBERG TRAURIG, LLP

By: _____
Todd Pickles
Henry Stroud

Attorneys for Plaintiffs/Counter-Defendants
E.Y. OROT ASSETS LTD. and
OMEGA ECO DIAMONDS LTD.

# EXHIBIT A

Todd Pickles (SBN CA 215629)
Henry A. Stroud (SBN CA 342479)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com
henry.stroud@gtlaw.com

Attorneys for Plaintiffs
E.Y. OROT ASSETS LTD. and OMEGA ECO DIAMONDS LTD.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>　　　　Defendant. | CASE NO. 3:24-cv-03836-TLT<br><br>**FIRST AMENDED COMPLAINT FOR DOMESTICATION OF FOREIGN JUDGMENT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1713, ET SEQ.** |

Formatted: gtCaseNo, Space After: 12 pt

1    Plaintiffs E.Y. OROT ASSETS LTD. and OMEGA ECO DIAMONDS LTD. (together, "Plaintiffs" or "Orot" and "Omega"), each an Israeli company, bring this First Amended Complaint pursuant to California's Uniform Foreign-Country Money Judgments Recognition Act (the "Recognition Act") to domesticate a final and binding judgment entered by the Tel Aviv District Court for Plaintiffs and against defendant Diamond Foundry Inc. ("Defendant" or "Foundry").

**THE PARTIES**

1. Plaintiff E.Y. Orot Assets Ltd. is a company organized under the laws of the State of Israel with its principal place of business in the City of Tel Aviv, Israel.

2. Plaintiff Omega Eco Diamonds Ltd. is a company organized under the laws of the State of Israel with its principal place of business in the City of Tel Aviv, Israel. Orot and Omega are business partner entities.

3. Defendant Diamond Foundry Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in the City of South San Francisco, County of San Mateo, in the State of California.

**JURISDICTION AND VENUE**

4. Pursuant to Title 28, United States Code Section 1332, this Court has jurisdiction over this claim because Orot and Omega are each a citizen of a foreign state and Foundry is a citizen of the State of California, and because the amount in controversy exceeds $75,000.

5. Pursuant to Title 28, United States Code Section 1391, venue is appropriate in this Court because Foundry, the sole defendant, resides in this judicial District.

**NATURE AND SUBSTANCE OF THE CLAIM**

6. The underlying dispute arises from Foundry's failure to perform its obligations under an agreement entitled "Foundry-As-A-Service Agreement" (the "Agreement") executed between Orot and Foundry on October 14, 2020, pursuant to which, *inter alia*, Orot prepaid Foundry a fee of US $2,500,000 (the "Pre-Payment") and committed to purchase from Foundry certain agreed-upon quantities of laboratory-manufactured diamonds satisfying certain agreed-upon quality criteria, for shipment to and sale in the State of Israel. The Agreement does and did not include any forum selection clause or otherwise preclude litigation of disputes between the contractual parties in Israel. The Agreement did provide for

1 | governing law pursuant to the laws of California and also included a provision, in case of a dispute,
2 | requiring mediation prior to commencement of litigation.

3 |     7.    On or about March 27, 2022, following lengthy attempts at resolving their differences
4 | through friendly discussions, requests for mediation, and eventually through attorney letters, Orot and
5 | Omega filed a statement of claims, which is the procedural equivalent to a complaint (hereinafter the
6 | "Israeli Complaint"), against Foundry in the District Court of Tel Aviv of the State of Israel ("Israeli
7 | District Court").  An English translated copy of the Israeli Complaint is attached as **Exhibit 1.**

8 |     8.    In the Israeli Complaint, Plaintiffs alleged claims against Foundry, *inter alia,* for breach of
9 | contract, breach of warranty, and false promise under California law, and sought monetary damages in the
10 | amount of 15,000,000 New Israeli Shekels, commonly abbreviated as "NIS" (equivalent to approximately
11 | US $4.65 million at then-prevailing exchange rates), which sum included the return of the Pre-Payment
12 | and certain other additional payments made by or on behalf of Plaintiffs to Defendant, and other monetary
13 | damages.

14 |     9.    Concurrently with the filing of the Israeli Complaint, Plaintiffs paid to the Israeli District
15 | Court a filing fee of NIS 187,500 (approximately US $58,000 at then-prevailing exchange rates) (the "Court
16 | Filing Fee") in accordance with Israeli procedural requirements.  In Israel, the Court Filing Fee is calculated
17 | as a percentage of the monetary damages claimed.

18 |     10.    Together with the Israeli Complaint, Plaintiffs submitted an expert opinion from an attorney
19 | licensed to practice in the State of California, Dr. Karni Shagal-Peppercorn, Esq.  The expert opinion
20 | concluded that "plaintiffs are entitled, by virtue of the laws of the State of California, to a series of remedies
21 | for breach of contract and breach of Warranties by the defendants."  Dr. Shagal-Peppercorn provided a
22 | detailed analysis for the Israeli District Court explaining why the claims were valid under California law.

23 |     11.    On or about ~~July 6, 2021~~May 11, 2022, the Plaintiffs duly served upon Foundry a
24 | professionally translated copy of the Israeli Complaint in accordance with the relevant rules and
25 | requirements of the Israeli District Court for extraterritorial service of process.

26 |     12.    On or about August 14, 2022, Plaintiffs moved the Israeli District Court to enter default
27 | judgment in favor of Plaintiffs and against Foundry because Foundry had failed to file a statement of
28 | defense or answer, an objection, or a request for extension of time with the Israeli District Court within the

time period under applicable Israeli procedural law.

13. On or about August 14, 2022, the Israeli District Court entered judgment for Plaintiffs and against Foundry (hereinafter the "Israeli Default Judgment") in the amount of NIS 15,287,500, plus interest from the date of the judgment. An English translated copy of the Israeli Default Judgment is attached as **Exhibit 2**.

14. Plaintiffs caused a copy of the Israeli Default Judgment to be sent to Foundry on or about September 2, 2022.

15. On or about September 3, 2022, the Israeli District Court received, by facsimile, a letter written in English and signed by Mr. Michael Calonico, who identified himself as Head of Finance of Foundry. Mr. Calonico claimed that Foundry had attempted to send to the Israeli District Court a response to the Israeli Complaint by express courier in June 2022, and requested that the "Honorable Court" "deny all claims" on various grounds that Mr. Calonico set out in five bullet points.

16. Thereafter, Foundry hired Israeli counsel. Foundry retained Herzog Fox & Neeman ("Herzog"), a highly reputable Israeli law firm. According to its website, Herzog employs more than 400 lawyers and has been awarded "more Tier 1 rankings to any other law firm in Israel." On October 6, 2022, Foundry, through Herzog, filed a motion to set aside the Israeli Default Judgment.

17. On December 8, 2022, Plaintiffs and Foundry filed in the Israeli District Court a joint stipulation for a stay of proceedings before the Israeli District Court so that the parties could pursue mediation through the JAMS mediation institute.

18. On May 3, 2023, Plaintiffs and Foundry engaged in mediation with respect to the dispute in front of the Hon. Robert Dondero (Ret.) in San Francisco, California. Both sides submitted confidential mediation statements and appeared at the mediation meeting through their appointed counsel. However, the parties were unable to resolve the dispute and the Israeli District Court was thereafter so notified.

19. On or about June 30, 2023, Defendant notified the Israeli District Court that it was replacing its legal counsel. Defendants' new counsel was the law firm Yigal Arnon ("Arnon"), a highly reputable Israeli law firm. According to its website, the Arnon firm employs over 420 lawyers, with litigation among its leading practices.

20. On or about July 3, 2023, Plaintiffs filed their opposition to Foundry's motion to set aside the Israeli Default Judgment.

21. On or around July 10, 2023, the parties submitted a joint stipulation to the Israeli District Court, requesting the Court to hold the proceedings in abeyance for 30 days to allow the parties to engage in further settlement discussions (the "July 2023 Stipulation"). At the end of this period, a further joint request was made to lengthen the abeyance for another 30 days. In addition, the Plaintiffs agreed in the July 2023 Stipulation "that if such settlement discussion does not bear fruit, 20 days will be given to the Defendants from the date of notification of the failure of such settlement discussion, to file a full and exhaustive response to the Plaintiffs' [opposition] to the motion to set aside the judgment (which shall not be limited as to any specific claim) and thereafter, the decision of the Court will be given (to the extent necessary)."

22. On or about August 17, 2023, the parties jointly notified the Israeli District Court of the failure of their settlement discussions to resolve the case.

23. On or about September 6, 2023, more than a year after Plaintiffs obtained a judgment against it, Foundry filed its reply to the Plaintiffs' opposition to Foundry's original October 2022 motion to set aside the default judgement. As a result, Foundry had filed its original motion to set aside the judgement and filed a detailed response to Plaintiffs' opposition.

24. A hearing date on the motion was then set for October 10, 2023. Permission was requested and granted for representatives of Foundry to participate from California via the Israeli District Court's audiovisual conferencing system and for a professional interpreter to be present at the hearing.

25. The Israeli District Court's proceedings where thereafter impacted by the events of October 7, 2023, leading to continuances of the hearing date.

26. A hearing was conducted on or about January 10, 2024, and an additional hearing was held on or about January 18, 2024. All parties and their counsel participated in both January hearings. Transcripts of the hearings were taken and made available to the parties and their counsel.

27. On or about January 19, 2024, the Israeli District Court issued its findings and an order with respect to Foundry's motion to set aside the Israeli Default Judgment ("January 19, 2024 Decision"). An English translated copy of the January 19, 2024 Decision is attached as **Exhibit 3**.

28. In the January 19, 2024 Decision, the Israeli District Court reviewed in detail Foundry's arguments to set aside the Israeli Default Judgment. The court found that Foundry "made light of [Israeli] procedure and even had contempt for it." In addition, the Israeli District Court found that there were no procedural defects with respect to the Israeli Default Judgment, noting that, notwithstanding Foundry's argument that it had submitted a timely responsive pleading to the Complaint, there was no proof that Foundry had done so. The Israeli District Court further found that Foundry did nothing to ensure or confirm a timely submission of its statement of defense but rather that Foundry first contacted the Israeli District Court only after it received notice of the Israeli Default Judgment.

29. In the January 19, 2024 Decision, the court also referred to additional procedural defects with respect to the purported statement of defense, as well as the motion to set aside the Israeli Default Judgment. The Israeli District Court also concluded that Foundry had not acted in good faith with respect to certain of its arguments, that despite its claim of "ignorance" of the Israeli judicial system, Foundry had hired competent Israeli legal counsel to represent its interests, and that certain of its other arguments lacked merit, lacked evidence, or were vague. Based upon its findings of fact and its legal analysis, the Israeli District Court held that the Israeli Default Judgment did not contain any legal defect requiring that it be set aside.

30. The Israeli District Court then considered whether it should nonetheless exercise its discretion to set aside the Israeli Default Judgment. The court considered the equitable balance and the relative harm that would be sustained by Foundry if the judgement were permitted to stand solely owing to procedural defects in Foundry's handling of the case. The court referred to Israeli Procedural Rule 131, which permits an Israeli court under certain circumstances to set aside a judgment subject to the satisfaction of certain conditions, including the deposit of up to the full amount of the judgement with the court in advance. The court noted its preference to give Foundry another opportunity to have its day in court but remained mindful of the "contempt" with which Foundry had treated the process. In its conclusion, the Israeli District Court saw fit to exercise its discretion to set aside the default judgment (thereby allowing Foundry to restart the case and file a proper statement of defense to the original Complaint), but solely on the condition that Foundry would first deposit with the Israeli District Court, in cash or letter of credit, NIS 3,000,000 (approximately US $810,000 at then-current exchange rates) by no later than February 18, 2024.

|   |   |
|---|---|
| 1 | 31. On or about February 15, 2024, Foundry appealed the January 19, 2024 Decision to an appellate division of the Israeli District Court (the "Israeli Appellate Court"). Concurrently, Foundry also filed an emergency motion to stay enforcement of the Israeli District Court's decision until the appeal was decided. |

31. On or about February 15, 2024, Foundry appealed the January 19, 2024 Decision to an appellate division of the Israeli District Court (the "Israeli Appellate Court"). Concurrently, Foundry also filed an emergency motion to stay enforcement of the Israeli District Court's decision until the appeal was decided.

32. On or about February 15, 2024, the Israeli Appellate Court granted Foundry's request for a temporary injunction of enforcement of the judgment until the appeal would be decided.

33. On or about March 7, 2024, the Plaintiffs responded to Foundry's appeal.

34. On or about March 12, 2024, Foundry's appeal was denied by the Israeli Appellate Court pursuant to a reasoned, written decision.

35. The Israeli Appellate Court found that the Israeli District Court properly exercised its discretion in making the cancellation of the Israeli Default Judgment conditional on the deposit of NIS 3,000,000 and the payment of certain court fees, noting that the amount was far less than the total amount of the Israeli Default Judgment. The appellate judge also examined and rejected Foundry's other challenges to the January 19, 2024 Decision. The Israeli Appellate Court did, however, extend the date for Foundry to choose whether to comply with the terms of the January 19, 2024 Decision to March 31, 2024 (the "Final Deadline") by depositing the required funds or letter of credit with the Israeli District Court.

36. The Final Deadline came and went but at no time did Foundry deposit any funds or letter of credit with the Israeli District Court.

37. On or about April 10, 2024, the Israeli District Court issued a summary order reflecting its final judgment (the "Final Israeli Judgment"). An English translated copy of the Final Israeli Judgment is attached as **Exhibit 4**.

38. In the Israeli Final Judgment, the Israeli District Court reaffirmed the Israeli Default Judgment dated August 14, 2022, and ordered a final award to Plaintiffs from Foundry in the amount of NIS 18,794,006.00, consisting of (a) NIS 15,000,000 in damages, plus (b) NIS 3,435,656 in interest accrued since the date of judgment, plus (c) NIS 187,500 as reimbursement for the Court Filing Fee, plus (d) NIS 42,946 in interest accrued on the Court Filing Fee, plus (e) NIS 127,904 of nominal attorneys' fees and expenses.

39. Based upon the applicable exchange rate, the Final Israeli Judgment equals approximately $5,109,843.94 in U.S. currency.[1]

40. As of the date of this filing Foundry has not filed any further challenges or appeal of the Final Israeli Judgment, and the time to do so has expired on or about June 18, 2024.

41. The Plaintiffs seek to domesticate the Final Israeli Judgment by this action.

**FIRST CLAIM FOR RELIEF**

**Domestication of Foreign Judgment**

**Pursuant to California Code of Civil Procedure Section 1713, *et seq.***

42. Plaintiff hereby incorporates the Paragraphs 1 through 41 as though stated herein.

43. The Final Israeli Judgment is final, conclusive, and enforceable under Israeli law, and it grants Plaintiff a sum of money, namely, NIS 18,794,006.00.

44. The Final Israeli Judgment arises out of a claim for breach of contract and is not related to a claim for taxes, a fine or other penalty, or domestic relations.

45. The Israeli judicial system provides an impartial forum compatible with the requirements of due process of law, including as determined by other courts in the United States.

46. Defendant availed itself of the Israeli judicial system, including by submitting correspondence to the Israeli District Court and, both directly and through Israeli counsel, filing numerous motions, making appearances, and filing an appeal

47. The Israeli District Court had personal jurisdiction over Defendant, which was duly served with process, made an appearance and participated in the Israeli litigation.

48. Additionally, Defendant took the position in its Israeli court filings and appeal that it had filed an answer to the Israeli Complaint.

49. The Israeli District Court had subject matter jurisdiction over the dispute, which arose as a contractual dispute between an Israeli company and involved the purchase from and shipment of goods to

---

[1] This exchange rate is based on the U.S. Department of the Treasury Reporting Rates of Exchange dataset, which is published quarterly. The effective rate provided above is 1 U.S. Dollar to NIS 3.678 as reported on March 31, 2024, the publication date closest to the April 10, 2024, date of judgment. The treasury's exchange rate converter is publicly available at: https://fiscaldata.treasury.gov/currency-exchange-rates-converter/.

the State of Israel.

50. Defendant received notice of the proceeding and appeared in the proceeding.

51. The Israeli Final Judgment was not obtained by fraud.

52. The Israel Final Judgment is for breach of contract and is not repugnant to the public policy of the United States or the State of California.

53. The Agreement did not provide that a dispute predicated on the Agreement would be held in a forum other than an Israeli court.

54. The forum provided, and Defendant availed itself, of the requirements of due process of law.

55. The Final Israeli Judgment does not conflict with another final and conclusive judgment.

56. This action is brought within ten years from the date that the Final Israeli Judgment became effective in Israel.

57. Domestication of the Final Israeli Judgment is proper under the Uniform Foreign-Country Money Judgments Recognition Act.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs E.Y. Orot Assets Ltd. and Omega Eco Diamonds Ltd. pray for the following relief:

1. That this Honorable Court recognize, enter, docket, and file the Final Israeli Judgment in the same manner as a judgment of this Court;
2. That the Court permit enforcement of the Judgment in this District;
3. That Plaintiff be awarded attorney's fees and costs for bringing this suit as may be permitted by law; and,
4. For all other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: ~~June 26, 2024~~January XX, 2025    GREENBERG TRAURIG, LLP

By _____
TODD PICKLES
HENRY A. STROUD

Attorneys for Plaintiffs
E.Y. OROT ASSETS LTD. and OMEGA ECO DIAMONDS LTD.