Todd Pickles (SBN CA 215629)
Henry A. Stroud (SBN CA 342479)
GREENBERG TAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, California 95814
Telephone: 916.442.1111
Facsimile: 916.448.1709
picklest@gtlaw.com
henry.stroud@gtlaw.com

Attorneys for Plaintiff/Counter-Defendant
E.Y. OROT ASSETS LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.Y. OROT ASSETS LTD., an Israeli company, and OMEGA ECO DIAMONDS LTD., an Israeli company,<br><br>    Plaintiffs,<br><br>v.<br><br>DIAMOND FOUNDRY INC., a Delaware corporation,<br><br>    Defendant. | CASE NO. 3:24-cv-03836-TLT<br><br>**E.Y. OROT ASSETS LTD.'S ANSWER AND AFFIRMATIVE DEFENSES TO DIAMOND FOUNDRY INC.'S AMENDED COUNTERCLAIM** |
| DIAMOND FOUNDRY, INC.,<br><br>    Counter-Complainant,<br><br>v.<br><br>E.Y. OROT ASSETS LTD.,<br><br>    Counter-Defendant | |

Plaintiff/Counter-Defendant E.Y. Orot Assets Ltd. ("Orot") by its undersigned counsel, respectfully submits the following Answer and Affirmative Defenses to Defendant/Counter-claimant Diamond Foundry Inc.'s ("Foundry") Amended Counterclaim ("ACC") in the above referenced matter.

## PRELIMINARY STATEMENT

Orot's Answer and Affirmative Defenses are based upon its investigation to date, which is ongoing, and Orot reserves the right to supplement, clarify, or amend its Answer and Affirmative Defenses during the course of litigation, as additional information becomes available and as the investigation continues. For the sake of clarity and avoidance of doubt, to the extent an allegation in the ACC is not expressly admitted, Orot denies each and every such allegation. Relatedly, many of the ACC's allegations state legal conclusions that do not require a response or purport to characterize or selectively quote from documents out of context. To the extent responses are required to any such allegations, Orot denies all such allegations. Orot further denies any allegations contained in, or inferences that may be drawn from the captions contained in the ACC, or any other portion of the ACC outside of its numbered paragraphs.

Finally, by filing this Answer, Orot does not concede that Foundry's counterclaim is proper in an action brought under California's Uniform Foreign-Country Money Judgments Recognition Act ("Recognition Act"). Orot explicitly maintains that the counterclaim is precluded by the doctrine of res judicata and binding Ninth Circuit caselaw. *See Bank of Montreal v. Kough*, 612 F.2d 467 (9th Cir. 1980). Orot asserts that this counterclaim is without merit and that no relief is warranted.

In response to each of the numbered paragraphs of the ACC, Orot hereby respectfully responds as follows:

## THE PARTIES

1. Orot admits that Foundry is a corporation organized under the laws of the State of Delaware with its principal place of business in the City of South San Francisco, County of San Mateo, in the State of California.

2. Orot admits that it is a company organized under the laws of the State of Israel with its principal place of business in the City of Tel Aviv, Israel.

//

**JURISDICTION AND VENUE**

3. Paragraph 3 states legal conclusions to which no response is required. To the extent a response is required, Orot denies the allegations in Paragraph 3 except that Orot admits that jurisdiction is appropriate within the United States District Court.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Orot denies the allegations in Paragraph 4 except that Orot admits it filed an action against Foundry in this judicial district.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent a response is required, Orot denies the allegations in Paragraph 5 except that Orot admits it filed an action against Foundry in this judicial district.

**NATURE OF THE ACTION**

6. Orot repeats and alleges Orot's response in this Answer to each allegation of the ACC as if set forth herein and otherwise denies each and every statement in the ACC to the extent incorporated by reference.

7. Orot admits that Foundry and Orot entered into an agreement entitled "Foundry-As-A-Service Agreement" (the "Agreement") on October 14, 2020. Orot denies any purported interpretation of the contractual language in Paragraph 7 of the ACC.

8. Orot lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies the allegations.

9. Orot denies any purported interpretation of Orot's obligations under the Agreement in Paragraph 9 of the ACC. Orot lacks sufficient knowledge or information to form a belief as to whether Foundry reserved manufacturing capacity for Orot that could have been reserved for other customers, and on that basis denies the allegation. Orot denies the remaining allegations in Paragraph 9 of the ACC.

10. Orot denies any purported interpretation of Orot's obligations under the Agreement in Paragraph 10 of the ACC. Orot denies the remaining allegations in Paragraph 10 of the ACC.

11. Orot admits that it, together with its business partner entity Omega Eco Diamonds Ltd. (together "Plaintiffs"), purchased diamonds from Foundry in October 2020, and that Foundry shipped the diamonds to Orot. Orot denies any purported interpretation of Orot's obligations under the Agreement in

Paragraph 11 of the ACC.

12. Orot denies the allegations in Paragraph 12 of the ACC.

13. Orot admits that it ceased purchasing diamonds from Foundry in or around June 2021. Orot denies any purported interpretation of Orot's obligations under the Agreement in Paragraph 13 of the ACC. Orot denies the remaining allegations in Paragraph 13 of the ACC.

14. Orot admits that on or around June 30, 2021, Orot sent Foundry a letter relating to the dispute, of which Paragraph 14 purports to selectively quote without context. Orot denies any purported interpretation of the letter in Paragraph 14 of the ACC.

15. Orot admits that on or around July 8, 2021, Foundry sent Orot a letter relating to the dispute, of which Paragraph 15 purports to selectively quote without context. Orot denies any purported interpretation of the quoted communication in Paragraph 15.

16. Orot admits that it has not purchased diamonds from Foundry since May 2021. Orot denies that it was, at any point, in breach of the Agreement. Orot denies the purported interpretation of Orot's obligations under the Agreement in Paragraph 16.

17. Orot denies the allegations in Paragraph 17 of the ACC.

18. Orot denies the allegations in Paragraph 18 of the ACC.

19. Orot denies any purported interpretation of Orot's obligations under the agreement in Paragraph 19 of the ACC. Orot further denies that it was, at any point, in breach of the Agreement. Orot lacks sufficient knowledge or information to form a belief as to whether Foundry reserved manufacturing capacity for Orot that could have been reserved to another customer, and on that basis denies the allegation. Orot denies the remaining allegations in Paragraph 19 of the ACC.

20. Orot admits that in or around March 2022 Orot initiated proceedings against Foundry in the District Court of Tel Aviv of the State of Israel ("Israeli District Court") relating to the Agreement.

21. Orot denies the purported interpretation of Orot's obligations under the Agreement in Paragraph 21 of the ACC. Orot further denies that it brought the Israeli suit in breach of the Agreement.

22. Orot admits that it asserted the Israeli District Court had personal jurisdiction over Foundry pursuant to Articles 166(4), (4a), and (5) of the 2018 Israeli Civil Procedure Regulations. Orot further admits that it asserted Articles 166(4), (4a), and (5) of the 2018 Israeli Civil Procedure

1  Regulations permitted Orot to serve the Israeli Complaint on Foundry in California.

2      23.    Foundry's allegation as to whether the Israeli District Court had personal jurisdiction over Foundry is a legal conclusion that does not require a response; to the extent further response is required, Orot denies that the Israeli District Court lacked personal jurisdiction over Foundry.  Foundry's allegation as to whether Foundry is a California company is a legal conclusion that does not require a response; to the extent further response is required, Orot admits that Foundry is a company organized under the laws of the State of Delaware with its principal place of business in California and otherwise lacks sufficient or information to form a belief that Foundry is a "California company" and on that basis denies the allegation.  Orot denies that Foundry has no ties to Israel.  Orot lacks sufficient knowledge or information to form a belief as to whether the diamonds manufactured pursuant to the Agreement were manufactured in the United States, and on that basis denies that allegation.

    24.    Orot denies the allegations in Paragraph 24 of the ACC.

    25.    Orot admits that the Agreement includes language that the validity, interpretation, and enforceability of the Agreement shall be governed in accordance with the laws of the State of California. Orot denies any purported interpretation of the Agreement in Paragraph 25 of the ACC.

    26.    Orot admits that the Agreement includes language that any mediation brought pursuant to the Agreement would be conducted under the then current mediation procedures of the CPR Institute for Conflict Prevention & Resolution.  Orot denies any purported interpretation of the Agreement in Paragraph 26 of the ACC.

    27.    Orot denies that Foundry timely submitted a statement of defense to the Israeli Complaint. Orot denies any purported interpretation of any alleged statement of defense to the Israeli Complaint in Paragraph 27 of the ACC.  Orot admits that on August 14, 2022, after the 60-day deadline established for Foundry to file an answer to the Israeli Complaint had passed, it moved the Israeli District Court to enter default judgment against Foundry.  Orot admits that on or about August 14, 2022, the Israeli District Court entered default judgment against Foundry.

    28.    Orot denies any purported interpretation of Foundry's filings with the Israeli District Court in Paragraph 28 of the ACC.  Orot admits that Foundry's counsel appeared in the Israeli District Court to request that the default judgment be vacated.  Orot denies any purported interpretation of

1  Foundry's counsel's appearance in the Israeli District Court.

2        29.    Orot admits that the Israeli District Court ordered that the default against Foundry would be vacated if Foundry deposited NIS 3,000,000 with the Israeli District Court and paid court fees to Plaintiffs.  Orot admits that NIS 3,000,000 was approximately US $810,000 at then-current exchange rates.  Orot denies any purported interpretation of the Court's order in Paragraph 29 of the ACC.

      30.    Orot admits that Foundry failed to deposit $810,000.00 with the Israeli District Court. Orot lacks sufficient knowledge or information to form a belief as to why Foundry declined to deposit that amount with the Israeli District Court, and on that basis denies the remaining allegations in Paragraph 30 of the ACC.

      31.    Paragraph 31 states legal conclusions to which no response is required.  To the extent a response is required, Orot denies the allegations in Paragraph 31 of the ACC.

## COUNT 1

### Breach of Contract

      32.    Orot repeats and alleges Orot's response in this Answer to each allegation of the Counterclaim as if set forth herein.

      33.    Orot admits that Orot entered into the Agreement with Foundry on October 14, 2020. Orot denies any purported interpretation of the Agreement in Paragraph 33 of the ACC.

      34.    Orot denies the allegations in Paragraph 34 of the ACC.

      35.    Orot admits that it has not purchased diamonds from Foundry since May 2021.  Orot denies that it was, or ever has been, in breach of the Agreement.  Orot denies any purported interpretation of the Agreement in Paragraph 35 of the ACC.  Orot denies the remaining allegations in Paragraph 35 of the ACC.

      36.    Orot denies the allegations in Paragraph 36 of the ACC.

      37.    Orot denies the allegations in Paragraph 37 of the ACC.

      38.    Paragraph 38 states legal conclusions to which no response is required.  To the extent a response is required, Orot denies the allegations in Paragraph 38 of the ACC.

//

//

## FOUNDRY'S PRAYER FOR RELIEF

With respect to the Prayer for Relief, Orot denies that Foundry is entitled to any of the requested relief, or any other relief whatsoever in this action. Orot prays that the Court enter judgment in Orot's favor and award Orot such other and further relief to which it may be entitled, including those stated in Plaintiffs' Amended Complaint [ECF No. 65].

## DEMAND FOR JURY TRIAL

Orot acknowledges that Foundry made a demand for jury trial on December 13, 2024, but denies that it is so entitled to a jury trial in this matter.

## OROT ASSETS LTD.'S AFFIRMATIVE DEFENSES

Without assuming any burden of proof, which otherwise rests on Foundry, and not Orot, and without conceding that the laws of the State of California or any other forum other than the State of Israel apply, Orot asserts the Affirmative Defenses set forth below. These assertions are based upon Orot's investigation to date. Orot's investigation is ongoing, and Orot expressly reserves all rights to re-evaluate its defenses and assert additional defenses at a later date. By designating the defenses set forth below, Orot does not in any way waive or limit any defenses that are or may be raised by its denials, allegations, or averments and does not assume any burden of pleading or of proof that the law imposes on Orot. Rather, Orot expressly reserves all such defenses.

## FIRST AFFIRMATIVE DEFENSE

### Res Judicata

The ACC, and each cause of action attempted to be asserted therein, is precluded by the doctrine of res judicata. In particular and without limitation, in granting leave to Orot to serve process on Foundry outside of the territory of the State of Israel, the Israeli District Court has already decided that it had personal jurisdiction over Foundry under Israeli law, and as a matter of law in the Ninth Circuit, its decision is entitled to preclusive res judicata effect.

## SECOND AFFIRMATIVE DEFENSE

### Counterclaim Precluded Under Recognition Act

The ACC, and each cause of action attempted to be asserted therein, is precluded under binding Ninth Circuit caselaw, as the only matter properly before the Court is whether recognition of the Israeli

Final Judgment is proper under the Recognition Act. *See Bank of Montreal v. Kough*, 612 F.2d 467 (9th Cir. 1980).

### THIRD AFFIRMATIVE DEFENSE

### Failure to State a Claim

The ACC, and each cause of action attempted to be asserted therein, fails to state sufficient facts to constitute a cause of action against Orot.

### FOURTH AFFIRMATIVE DEFENSE

### All Duties Performed

Orot has duly and fully performed, satisfied, and discharged all duties and obligations it may have owed to Foundry arising out of any and all agreements, representations, or contracts, if any.

### FIFTH AFFIRMATIVE DEFENSE

### Parol Evidence Rule

The ACC, and each cause of action attempted to be asserted therein, is barred as to each and every oral or implied or other contract alleged therein by the parol evidence rule.

### SIXTH AFFIRMATIVE DEFENSE

### Conditions Precedent

The ACC, and each cause of action attempted to be asserted therein, is barred on the ground that, as to each and every oral or implied or other contract alleged therein, Foundry has failed to fulfill conditions precedent to the enforcement of such contract.

### SEVENTH AFFIRMATIVE DEFENSE

### Prevention of Performance

The ACC, and each cause of action attempted to be asserted therein, is barred on the ground that Foundry prevented Orot from fully performing, satisfying, and discharging all duties and obligations it may have owed to Foundry arising out of any and all agreements, representations, or contracts, if any.

### EIGHTH AFFIRMATIVE DEFENSE

### Unclean Hands

The ACC, and each cause of action attempted to be asserted therein, is barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

**Estoppel**

The ACC, and each cause of action attempted to be asserted therein, is barred by the doctrine of estoppel.

### TENTH AFFIRMATIVE DEFENSE

**Consent**

The ACC, and each cause of action attempted to be asserted therein, is barred because any conduct by Orot was ratified, consented to, and/or acquiesced in by Foundry.

### ELEVENTH AFFIRMATIVE DEFENSE

**Laches**

The ACC, and each cause of action attempted to be asserted therein, is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

**Waiver**

The ACC, and each cause of action attempted to be asserted therein, is barred in whole or in part by the doctrine of implied or express waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

**Repudiation**

The ACC, and each cause of action attempted to be asserted therein, is barred by Foundry's wrongful refusal to perform its duties under the contract, which constitutes a repudiation of the contract, thereby excusing Orot's performance.

### FOURTEENTH AFFIRMATIVE DEFENSE

**Damages**

The ACC, and each cause of action attempted to be asserted therein, is barred because no conduct by or attributable to Orot was the cause in fact or legal cause of the damages, if any, suffered by Foundry.

//

//

//

### FIFTEENTH AFFIRMATIVE DEFENSE

**Superseding Causes**

The ACC, and each cause of action attempted to be asserted therein, is barred because each occurrence alleged in the ACC was proximately caused, in whole or in part, by independent or intervening and superseding causes beyond the control of Orot and which, in the exercise of reasonable case, was not foreseeable by Orot.

### SIXTEENTH AFFIRMATIVE DEFENSE

**Good Faith**

The ACC, and each cause of action attempted to be set forth therein, is barred because Orot and its agents acted reasonably and in good faith at all times based on all relevant facts and circumstances known by them at the time they acted.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**Breach**

The ACC, and each cause of action attempted to be asserted therein, is barred on the ground that Foundry breached its contract, if any, with Orot, and that by reason of that breach of contract, Orot has been excused from performing any duties or obligations set forth in said contract.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**Warranty**

The ACC, and each cause of action attempted to be asserted therein, is barred in whole or in part by the terms and conditions of the warranty provisions of the applicable written agreements.

### NINETEENTH AFFIRMATIVE DEFENSE

**No Entitlement to Attorney's Fees**

Foundry may not obtain the relief requested in its ACC because there is no contractual or statutory basis for the award of attorneys' fees.

### TWENTIETH AFFIRMATIVE DEFENSE

**Unjust Enrichment**

Foundry may not obtain the relief requested in its ACC because to do so would result in an unjust enrichment.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### Set-Off

Foundry may not obtain the relief requested in its ACC because any recovery so requested must be reduced by the debts owed by Foundry to Orot.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### Reservation of Rights - Insufficient Knowledge

Orot has insufficient knowledge or information about which to form a belief as to whether it may have additional, as yet unknown, affirmative defenses. Orot reserves herein its right to assert additional affirmative defenses in the event discovery indicates it would be appropriate.

### OROT'S PRAYER FOR RELIEF

WHEREFORE, Orot prays for judgment against Foundry as follows:

1. That Foundry take nothing by the ACC;
2. That the Court dismiss Foundry's ACC against Orot with prejudice;
3. That judgment be entered in favor of Orot and against Foundry;
4. That Orot be award reasonable attorneys' fees according to proof;
5. That Orot be awarded the cost of suit herein incurred; and
6. That Orot be awarded such other and further relief as the Court may deem appropriate.

Respectfully submitted,

DATED: January 30, 2025

GREENBERG TRAURIG, LLP

By  */s/ Todd Pickles*
TODD PICKLES
HENRY A. STROUD
Attorneys for Plaintiff/Counter-Defendant
E.Y. OROT ASSETS LTD.